[S. F. No. 15370. In Bank.—September 25, 1935.]

VASHTA McCLURE, Respondent, v. RICHARD ALFRED McCLURE, Appellant.

Treat & Ogden for Appellant.

Joseph J. Webb for Respondent.

SEAWELL, J.—By interlocutory and final decrees of divorce the Superior Court of Marin County awarded plaintiff Vashta McClure alimony in the sum of $100 a month. Thereafter, on March 4, 1927, almost four years and a half after entry of the final decree, said court modified the provision for alimony by relieving defendant Richard Alfred McClure from thereafter paying any sum whatever for the support of plaintiff. On October 26, 1934, the court decreed that defendant should pay plaintiff the sum of $30 a month for her support thereafter. Defendant appeals from said order of October 26th, and also from an order which allowed plaintiff $50 costs and $150 attorney fees to be paid if defendant prosecuted an appeal from the order of October 26th.

The parties were married on June 6, 1919, and separated approximately two years thereafter on July 30, 1921. Defendant was twenty-six years of age when he married plaintiff, who was then thirty-five. At the time of the marriage defendant was an officer in the United States army, and he has continued in that profession. No children were born of the marriage. Plaintiff procured the divorce on the ground of extreme cruelty inflicting grievous mental suffering. She alleged no acts of physical violence. Both the interlocutory decree, which was entered on September 30, 1921, and the final decree of October 2, 1922, awarded her alimony in the

sum of $100 a month. On March 22, 1926, defendant married his present wife. He continued to pay alimony until February 10, 1927, a period of almost five and one-half years, when he moved to modify the decree by eliminating all provision for support of plaintiff. He averred in his supporting affidavit that his salary as a captain in the United States army was $266 a month, which was necessary to support his present wife and a daughter born of their marriage; that he had no other means of support; and that plaintiff was capable of earning her own living. The court granted the modification prayed for.

Upon the hearing held upon her application of 1934 to be restored to alimony, plaintiff testified that she was in Washington, D. C., at the time of the modification proceedings in 1927. The order of modification recites that plaintiff appeared by her attorney, Joseph K. Hawkins. In the present proceedings initiated by plaintiff to restore her right to alimony, the judge remarked that to his knowledge at the date of the modification of 1927, attorney Hawkins was ill and away from his office and the courts. It was then agreed between the attorneys in the present proceeding that Mr. Martinelli had acted for Mr. Hawkins during his illness, and that he had appeared on behalf of plaintiff in the modification proceedings of 1927. In the present proceeding no attack is made by plaintiff on the validity of the order of 1927. Said final order is valid on its face, and plaintiff did not allege or prove any fraud or other matters of equitable cognizance which would render said order of 1927 subject to equitable attack. Rather, her present motion invoked the power of the court to modify the decree under section 139 of the Civil Code, and the court viewed the motion in this light.

In directing the defendant to pay $30 a month to plaintiff by its order of October 26, 1934, from which the present appeal is taken, the court acted upon evidence that plaintiff was destitute and dependent on charity. She testified that at the time of her marriage to defendant she was a producer and exhibitor of Alaskan films, for which she received as much as $75 per day. Defendant testified at the hearing in 1934 that he was then earning $400 a month by reason of a special assignment of duty, which would soon terminate, and thereafter he would receive $337 a month. His family consisted of his wife, their daughter, and a daughter of his wife by a pre-

deceased husband. His present wife has poor health and he is indebted for medical bills on her account. It may be said that plaintiff's averment in her affidavit that her ill health was due to violence inflicted upon her by defendant during their marriage is utterly unsupported. A medical examination made during the instant proceeding revealed that she suffered from arthritis in her back, and that she also had a curvature of the spine, which she had had from childhood.

Defendant contends that by reason of the fact that the order of March, 1927, relieved him from thereafter paying alimony to plaintiff in any sum whatever, the court was without right thereafter to order him to contribute to her support. Said order provided that the final decree of divorce be modified by striking therefrom the direction that defendant contribute $100 a month to the support of plaintiff. The order of 1927 continued as follows: "The defendant herein is hereby relieved from the payment to plaintiff herein of any sum whatever for plaintiff's maintenance or support. ~~Until further order of this Court.~~" As indicated in our quotation, the words "until further order of this Court", by which the court would have reserved expressly the right to restore alimony, were deleted.

■ It is well settled that a decree of divorce may be rendered which permanently relieves the husband from the obligation to pay alimony in any sum. The decree has this effect where it expressly so provides, or where it neither awards alimony to the wife nor reserves the right thereafter to make an allowance for her support. (*Howell* v. *Howell*, 104 Cal. 45 [37 Pac. 770, 43 Am. St. Rep. 70]; *London G. & A. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460 [184 Pac. 864]; *Soule* v. *Soule*, 4 Cal. App. 97 [87 Pac. 205]; *Bacigalupi* v. *Bacigalupi*, 72 Cal. App. 654 [238 Pac. 93]; *Molema* v. *Molema*, 103 Cal. App. 79 [283 Pac. 956]; *Gillespie* v. *Andrews*, 78 Cal. App. 595 [248 Pac. 715]; note, 83 A. L. R. 1248, citing cases; 71 A. L. R. 723; a different rule prevails as to support for children of the marriage under section 138 of the Civil Code, interpreted in *Harlan* v. *Harlan*, 154 Cal. 341 [98 Pac. 32].) Section 139 of the Civil Code empowers the court in a divorce action to make an allowance to the wife for her support, and to "modify" its orders in this respect from time to time. Where the divorce decree is silent as to alimony, there is no order in respect of the support of the wife to be modified. (Cases

cited, *supra,* this paragraph.) The divorce decree in such cases is a final determination that the husband shall be permanently free from the obligation to contribute to the support of his former wife.

 The instant case presents the question whether the husband may be relieved permanently of the obligation to contribute to the support of his former wife by an order of modification where the divorce decree has awarded alimony for her support. If the court had such power in the instant case, there can be no doubt from a reading of the order of 1927 that it was the purpose and intent of the court thereby to relieve defendant permanently from the obligation thereafter to pay alimony to plaintiff. Not only are the words ''until further order of this Court'' deleted from the order, but in addition the court ordered that the provision in the divorce decree for payment of $100 a month to plaintiff be stricken therefrom, thereby evincing an intent that thenceforward plaintiff's rights should be as if the divorce decree had been silent as to provision for her support. (*Soule* v. *Soule, supra.*)

Section 139 of the Civil Code confers jurisdiction on the court to modify its orders in respect of the support of the wife to meet changed conditions. It has been held that where circumstances require, the husband may be relieved temporarily from contributing any sum to the support of his former wife by an order of modification made under section 139 of the Civil Code. (*Soule* v. *Soule, supra.*) That the husband may, at the time the divorce is granted, be relieved *permanently* of the obligation to pay alimony is thoroughly settled by the authorities we have cited above. We are of the view that there is no reason in good policy, nor requirement in section 139, which prohibits the court *upon a proper showing* from relieving him permanently by order of modification made under the provisions of section 139. We hold that the power granted to the court to ''modify'' alimony allowances includes a right in proper cases to terminate finally the obligation to pay alimony.

We have found only one case where this precise question has been passed on—*Garver* v. *Garver,* 102 Ohio St. 443 [133 N. E. 551]. The decision in that case is in accord with our conclusion herein.

It may be conceded that the power to terminate liability for alimony by way of modification under section 139 of the Civil

Code should be exercised by the courts with caution and only after a full consideration of the circumstances of the parties. But it cannot be said that there are no cases where a permanent termination of alimony liability would be proper. If the wife is dissatisfied with the decree of the court, her remedy is by appeal from the decree or by motion under section 473 of the Code of Civil Procedure. Or, notwithstanding the time for appeal has elapsed, the divorced wife may bring an action in equity to procure relief if the decree of modification has been procured by fraud, or if other grounds of equitable attack are present. (Note, 83 A. L. R. 1249.) We have hitherto stated that the order of 1927 is valid on its face. Plaintiff did not attempt to prove grounds of equitable attack. More than seven years elapsed without plaintiff taking any steps to attack the order of 1927. Said order recites that she was represented by her attorney. It was stipulated between the attorneys on the present application for restoration of alimony that Mr. Martinelli, acting for Mr. Hawkins, attorney of record for plaintiff, had represented her in the proceedings of 1927. If plaintiff was without funds to prosecute an appeal from the order of 1927, her remedy was to apply to the trial court for an allowance of costs and counsel fees against defendant to prosecute an appeal. (*Lamborn* v. *Lamborn*, 190 Cal. 794 [214 Pac. 862].)

The power conferred on the trial court by section 139 of the Civil Code is properly described as a grant of continuing jurisdiction for the reason that the court is empowered under said section to make orders for the support of the wife which shall not be final, but subject to modification. But where the court makes an order releasing the husband permanently from liability for alimony, and thereby indicates an intent that the order shall be final and not subject to modification, it is not such an order as may be modified under section 139 of the Civil Code by thereafter imposing liability for alimony.

There is a further reason why the order restoring alimony to plaintiff must be reversed. The trial court erroneously sustained an objection to a question put to plaintiff by defendant's attorney which would have elicited information as to whether plaintiff had remarried after her divorce from defendant. The objection was urged on the ground that the question was incompetent, irrelevant and immaterial. In

sustaining the objection the court remarked: "I again call counsel's attention to the issues that are here. I will sustain the objection." The court had previously stated that the only issues in the case were whether plaintiff was able to support herself, and, if not, whether defendant had means to support her. It is the rule generally and in this state that remarriage of the wife affords grounds for an application to cancel alimony. (*Cohen* v. *Cohen,* 150 Cal. 99 [88 Pac. 267, 11 Ann. Cas. 520] ; *Atlass* v. *Atlass,* 112 Cal. App. 514 [297 Pac. 53] ; *Parker* v. *Parker,* 203 Cal. 787 [266 Pac. 283] ; *Linton* v. *Hall,* 86 Misc. 560 [149 N. Y. Supp. 385] ; see, also, notes, 64 A. L. R. 1269; 30 A. L. R. 79.) This rule has been given statutory recognition in this state by the adoption in 1933 of an amendment to section 139 of the Civil Code. The question put to plaintiff by defendant's attorney was as follows: "How many times did you marry, Mrs. McClure?" While it would have been better if said attorney had asked her if she had remarried after her divorce from defendant, the question is broad enough to include remarriage, and in view of the fact that just before he put the question, said attorney had been interrogating her as to matters occurring after the divorce, the question is reasonably understood as applying to remarriage after the divorce, and its materiality is apparent.

The order of 1927 relieving the husband from liability to pay alimony also precluded the court below from allowing $50 costs and $150 attorney's fees to be paid plaintiff if defendant prosecuted an appeal from the order of October 26, 1934. Where the divorced husband has not been released permanently from the obligation to pay alimony, the court may allow the wife costs and attorney's fees to prosecute or defend an appeal from an order of modification, either on the theory that such an award is an additional allowance for support made under section 139 of the Civil Code, or on the theory that where the power to modify continues, the action is still pending under section 137 of the Civil Code, which authorizes the court to require the husband to pay money to enable the wife to prosecute or defend the action. (*Lamborn* v. *Lamborn, supra.*) But in the instant case, where the order of 1927 permanently relieved the husband from the alimony obligation, and said order had become final, neither section authorized the allowance.

The order awarding alimony and the order allowing costs and counsel fees are reversed.

Thompson, J., Langdon, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.