[Civ. No. 14676.   Second Dist., Div. Three.   June 26, 1945.]

MATHILDE O. GEBHARDT, Respondent, v. HANS AL-
FRED GEBHARDT, Appellant.

H. A. Gebhardt, in pro. per., for Appellant.

Leo Shapiro for Respondent.

DESMOND, P. J.—This is an appeal by the defendant in a divorce action from orders concerning alimony payments and attorney fees made several years after the final decree of divorce was granted. The interlocutory decree in this case was signed on December 16, 1938, after a hearing upon respondent's complaint for divorce, as to which the appellant defaulted. He is an attorney and was present in court at the time of the proceedings but gave no testimony. He was asked, and so was the respondent, whether a property settlement agreement, which had been executed, was satisfactory. Both parties answered in the affirmative and the court, by its interlocutory decree, approved and incorporated therein the terms of that agreement. The defendant was thereby "ordered to pay to plaintiff as and for the support and maintenance of plaintiff and Elinor Gertrude Gebhardt, minor child of the parties, the sum of $87.50 per month in installments of $43.75 on the 1st and the 15th days of each and every month commencing on Friday, the 16th day of December, 1938, and continuing thereafter until said minor child shall marry or reach her majority or become self-supporting. Upon the happening of any of said events, if the parties are unable to agree upon the amount of future support and maintenance to plaintiff, an application shall be made in the above entitled action or in any other appropriate action or proceeding, to determine the amount of support and maintenance to be paid by defendant to plaintiff thereafter. The said allowance shall be based upon the needs of plaintiff as of the date of said application, and upon the ability of defendant to pay as of said date. . . ."

The minor daughter of the parties became of age on December 2, 1942, and shortly thereafter her mother represented to the court that she and her former husband had been unable to agree upon the amount of future support and maintenance to

be paid by him and asked the court to make its order requiring payment to her of "The sum of $200.00 per month, or such other sum as may be reasonable and proper for her support and maintenance," and, also, "The sum of $150.00 for attorneys' fees. . . ." At the hearing upon this petition, March 25, 1943, it was stipulated that the defendant pay to plaintiff the reduced amount of $40 per month for the ensuing four months; also that "The Court retains jurisdiction to make such and further orders as may be meet in the premises; further hearing on the motion is continued to August 2, 1943, at 9:00 A. M." On August 2, 1943, the court ordered the monthly payments of $40 to be made for an additional period of six months, continuing hearing on the motion to February 2, 1944. On that date defendant served and filed a motion to terminate finally alimony payments, alleging in his supporting affidavit that plaintiff had failed to show any need for alimony in the future and that he was unable to meet any alimony payments. This motion was before the court for its consideration in connection with the motion of the plaintiff which, on the two prior occasions, had been continued for further hearing. According to a minute order of February 2, 1944, entered on February 7, 1944, "Plaintiff's motion for support comes on for further hearing, Leo Shapiro appears for the plaintiff and the Defendant appears in propria persona. The plaintiff testifies. Thereupon the motion is submitted; 5 - 5 and 3 days allowed for counsel to submit authorities."

Following the submission, and on March 6, 1944, the court signed an order, according to appellant's opening brief, reading as follows:

"The motion of plaintiff to fix and determine the amount of future support and maintenance to be paid to plaintiff and the motion of plaintiff for an allowance of attorney fees in connection with said motion having been partially heard on March 25, 1943, and August 2, 1943, in Department 4 of this Court, and having been continued for further proceedings to the 2nd day of February, 1944, plaintiff and defendant being both personally present at each of said hearings, plaintiff appearing by Sam Wolf and Leo Shapiro, by Leo Shapiro, her attorneys, and defendant appearing in propria persona, plaintiff and defendant having both testified and both of said motions having been submitted to the Court for decision, the Court, being fully advised in the premises, now finds that, for

the present, plaintiff is not in need of alimony.

"Now, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

"The interlocutory decree heretofore made and entered in the within action, insofar as the same provides for the payment of alimony to plaintiff, is hereby modified, payments thereunder to cease as of the first day of March, 1944, *until further order of this Court.*

*"The Court expressly reserves jurisdiction to make such other or further orders, from time to time, as may be necessary by reason of changed circumstances of the parties.*

*"It is further ordered that defendant pay to Leo Shapiro, attorney for plaintiff, the sum of One hundred dollars, as additional attorney fees, payable in installments of Ten dollars a month, commencing March 15, 1944."*

The appeal is from that portion of the order which we have italicized and also from an additional order which the court made on April 6, 1944, denying defendant's motion to correct the order of March 6, 1944, by (1) inserting the words "Orders were made by the court on March 25, 1943 and August 2, 1943," and by (2) striking the words "plaintiff and defendant having both testified," and further to modify that order by (3) striking the italicized language, and by (4) terminating finally alimony payments. The minute entry of the court of April 6, 1944, indicates that on that date defendant appeared in propria persona, plaintiff also appearing by counsel, and that argument was made upon the motion before the court rendered its decision.

Treating first the appeal from the order of April 6, 1944, denying the motion to correct and modify, it is apparent that the court saw no reason to modify its decision on item (4) above, rendered on March 6th, just one month previously, refusing to terminate finally the payment of alimony; therefore, as to that item, if we find the decision reached on March 6th should be sustained, the appeal from that portion of the order of April 6th must fail. The same is true as to item (3) by which the court retained jurisdiction to pass in future upon the question of alimony and also allowed the additional attorney fee. No proper grounds appear for sustaining the appeal from items (1) and (2). ■ As to item (1), the records of the court presented upon this appeal show that the court did make orders on March 25, 1943, and August 2, 1943, for monthly payments of alimony in the sum of $40, and there

was no compelling necessity, therefore, for the court to recite that fact in the order of March 6th. ■ As to item (2), the request that the court strike from the order of March 6th the phrase "plaintiff and defendant having both testified," no proper showing is made as to why such action should be taken. We have not been furnished with a bill of exceptions or a reporter's transcript of the proceedings in this case and the clerk's transcript is not altogether complete, but it does show that testimony was taken and arguments made to the court. Since appellant, long an active member of the bar, acted as his own attorney at the various hearings where testimony was taken on the matter of alimony and submitted lengthy affidavits sworn to by himself which he considered pertinent, there is no doubt in our minds that in his argument to the court he was in an ideal position to state any facts which, in his opinion, were germane to the issues. If he did not testify and the statement in the order of April 6th that both parties testified may be attributed to inadvertence, there is nothing in the record to show that he offered to take the stand or requested to do so and was refused the opportunity. Since the court's order says that both he and the plaintiff testified, and since the complete record which might conceivably show a contrary situation has not been brought before us, we accept the court's statement as correct. This disposes of item (2).

We now consider whether the trial judge erred on March 6, 1944, when, having ordered alimony to cease as of March 1, 1944, he expressly reserved jurisdiction to make such other or further orders in the future as changed circumstances might render necessary and also ordered payment of additional fees in the sum of $100.

■ Considerable space in the briefs is devoted to a discussion as to whether a trial court may, upon petition, finally terminate alimony payments previously ordered. We find the answer in *Greer* v. *Greer* (1939), 31 Cal.App.2d 39 [87 P.2d 388], where the court said (p. 41): "As to the power of the trial court under section 139 of the Civil Code to permanently relieve a husband from future payments of alimony, we think the case of *McClure* v. *McClure*, 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257], is decisive of the question . . . it is sufficient to say that the rule there laid down is that the power granted to the court to 'modify' alimony allowances includes a right in proper cases to terminate finally the obligation to pay alimony." ■ The inquiry then in the present instance

must be whether the circumstances presented to the court make out a proper case for final termination. Appellant argues that they do because his former wife is now profitably employed and he, on the other hand, finds it difficult to make any further payments. He wanted the trial court to disregard the future and the probability that his former spouse, with approaching age and diminishing payroll, may be in real need while he, at the same time, with a return to normal conditions may be enjoying a lucrative practice. The affidavits which he filed set out in great detail the conditions upon which he rests his argument and we have no doubt that all the items to which he refers were brought to the attention of the court in oral argument. The trial judge, however, was called upon to consider the facts presented in the wife's affidavit and the possible future hardship which she might suffer by reason of a final termination of the obligation of her former husband to contribute to her support. The appellant contends that the failure of the judge to rule as he desired constituted an abuse of discretion under the existing circumstances, but we find nothing in the record to substantiate that claim.

The last remaining point raised on this appeal is whether, as urged by appellant, the court abused its discretion in allowing additional attorney fees in the sum of $100. In *McClure* v. *McClure, supra,* at page 362, we find the following: "Where the divorced husband has not been released permanently from the obligation to pay alimony, the court may allow the wife costs and attorney's fees to prosecute or defend an appeal from an order of modification . . . on the theory that where the power to modify continues, the action is still pending under section 137 of the Civil Code, which authorizes the court to require the husband to pay money to enable the wife to prosecute or defend the action." We believe the principle there stated is broad enough to cover the situation presented in the instant case, and in *Wilder* v. *Wilder* (1932), 214 Cal. 783 [7 P.2d 1032], where the court refused an allowance, we find the court stating (p. 785), ". . . the whole matter rested in the sound discretion of the trial court. [Case cited.] . . . A clear abuse of discretion only will justify its [the reviewing court's] interference with the judgment of the trial court."

The order of March 6, 1944 is affirmed; so, also, is the order of April 6, 1944.

Shinn, J., and Wood (Parker), J., concurred.