[Civ. No. 13741. First Dist., Div. Two. Sept. 27, 1948.]

JOSEPH SVETINA, Appellant, v. ANNA BURELLI et al., Respondents.

708

Edward D. Mabson for Appellant.

Aaron N. Cohen, Sidney Rudy and Karl M. Rodman for Respondents.

NOURSE, P. J.—Appellant sued to quiet title to real property which had been impressed with a lien for street work in a prior judgment foreclosing the lien. The present action is concededly a collateral attack on the prior judgment.

The contract for the street work was signed by appellant's wife and minor daughter without (so he alleged in this action for the first time) his knowledge or consent. After the work was completed transfers between the husband and wife were made of the improved and of other unimproved lots and a property settlement and separation followed. Thereafter a suit was filed to foreclose the lien. Appellant was made a party defendant, served with summons, and defaulted. A judgment of foreclosure was duly entered and the property was sold to Burelli, the respondent herein.

Following the trial of this action to quiet title the learned judge of the trial court filed an opinion giving his reasons for a judgment denying appellant the relief sought. This opinion fully covers all the issues raised and we adopt it as our reasons for affirmance of the judgment: The opinion follows:

"Plaintiff is in effect, though not in form, suing to remove a cloud that rests on the title to certain property which he claims to own. The cloud grows out of the judgment in the case of *Eaton and Smith* v. *Svetina et al.,* and the foreclosure of a lien decreed by the court in that case to exist on the property here claimed by plaintiff.

"Plaintiff contends that the judgment in that action was void and that consequently all the subsequent proceedings taken therein were void. His claim is based on the fact that the street improvement contract sued upon in the foreclosure suit was entered into by plaintiff's wife and minor daughter only, and that the plaintiff was not a party to that contract and that he never authorized nor ratified its execution. How-

ever, the prayer in the complaint in that action did ask that a lien be decreed to exist upon the property and that the property be sold in satisfaction of the lien. Plaintiff herein was joined as a defendant and was duly served in the action. The judgment roll shows that he was personally served. But whether he was personally served or was served by publication would not be material in view of the nature of the action. The plaintiff herein defaulted in that action and judgment was rendered decreeing the existence of the lien as prayed and directing the sale of the property.

"It may well be that the complaint in that action was insufficient in that it does not allege that the plaintiff herein ever executed or authorized the execution of the contract sued upon. But the insufficiency of the complaint to state facts sufficient to constitute a cause of action against him can not avail plaintiff in this action. The fact that the complaint in that action was insufficient would not divest the court of power or jurisdiction to render judgment in that action against the plaintiff herein as long as the decree was in accordance with the prayer of the complaint. The action of the court in rendering judgment against the plaintiff herein on an insufficient complaint would be but error for which an appeal could have been taken by defendant. See *In re James,* 99 Cal. 374, 376 [33 P. 1122, 37 Am.St.Rep. 60]. It must be remembered the plaintiff herein was not sued in a direct attack to avoid the judgment in the foreclosure suit but by his suit to quiet title has made a collateral attack on that judgment. That a suit to quiet title is a collateral attack on a judgment has long been settled in this state. See *Newlove* v. *Mercantile Trust Co.,* 156 Cal. 657 [105 P. 971], 4th headnote, and *Baldwin* v. *Foster,* 157 Cal. 643 [108 P. 714].

"The law is also well settled in this state that a collateral attack on a judgment will not lie against such judgment unless the judgment is void on its face, that is to say, is void as appears from an inspection of the judgment roll. It is not void on its face unless it appears therefrom that the court did not have jurisdiction either of the person or of the subject matter. See *Pioneer Land Co.* v. *Maddux,* 109 Cal. 633, 642 [42 P. 295, 50 Am.St.Rep. 67]. It can not be successfully urged here that the court in the foreclosure suit did not have jurisdiction of both the person of the defendant therein and of the subject matter. Hence judgment must go for the defendants in this action.''

■ We may add as further reasons for affirmance of the judgment that though the original contract for the street work may have been insufficient on its face as creating a valid lien on the community property in the absence of the husband's signature, he may nevertheless have authorized his wife and daughter to sign it as his agents or may have ratified their act prior to the institution of the action to foreclose. Another question which might have arisen on the trial of the original action is that of estoppel. These were matters for the trial court to decide in the first action. Hence the absence of the husband's signature on the contract does not make that contract void—but merely voidable. Accordingly the trial court, having had jurisdiction of both the parties and the subject matter, retained jurisdiction to determine whether under all these circumstances the lien became valid and enforceable.

■ But the appellant waived all defenses to the prayer for foreclosure by suffering the entry of default and must be deemed to have consented to that decree.

The attack he now makes on the decree raises nothing more than possible error in the former trial. This applies as well to his present attack that the suit for foreclosure was not brought within the statutory time and was therefore barred. As in the case of his other possible defenses this was one which he might waive. And he is deemed to have waived it by his failure to raise it in that action.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied October 27, 1948, and appellant's petition for a hearing by the Supreme Court was denied November 22, 1948. Carter, J., voted for a hearing.