[L. A. No. 22323. In Bank. Mar. 10, 1953.]

GLADYS D. SMITH, Appellant, v. IRA V. SMITH, Respondent.

Jesse Blattel for Appellant.

Erb, French & Picone and John L. Stennett for Respondent.

TRAYNOR, J.—On January 21, 1947, plaintiff secured an interlocutory decree of divorce from defendant by default on the ground of extreme cruelty. The parties had previously executed a property settlement agreement in which plaintiff waived all right to any payments for support and maintenance. She alleged in her complaint that "the parties have heretofore concluded a property settlement agreement, which plaintiff confirms and asks the Court to approve, save and excepting any provision therein respecting payment of alimony. She is asking that an award of at least token alimony be made at this time." She prayed "for a judgment of divorce against the defendant; that the custody of the minor child of the parties be awarded to her; that the property settlement be confirmed, excepting provision for alimony; that she be awarded nominal alimony, and that she have such other and further relief as may be equitable." The interlocutory decree provided in part that "the property settlement agreement filed herein is hereby approved and the defendant is ordered and directed to carry out the terms thereof," and "IT IS FURTHER ORDERED that the defendant pay to plaintiff the sum of $1.00 per month for her support commencing February 1, 1947, and continue each month thereafter until further order of Court." In November, 1951, plaintiff sought to have the support award increased to $100 per month on the ground of changed circumstances. The trial court refused to hear any evidence on the issue of changed circumstances and entered its order refusing modification of the interlocutory decree on the ground that the decree approved the property settlement agreement containing a provision waiving alimony. Plaintiff has appealed.

She contends that the interlocutory decree clearly provided for an award of alimony and that under Civil Code section 139 the trial court has jurisdiction to modify that award. Defendant, on the other hand, contends that the property settlement agreement, having been approved in the interlocutory decree, now stands in the way of any award inconsistent with its terms.

Although the interlocutory decree purports to approve the property settlement agreement in its entirety, it is clear when it is read in the light of the complaint that it did not

do so. Plaintiff expressly requested that approval be withheld from the provision waiving support and prayed that nominal alimony be awarded. Such an award was made, and accordingly, the decree may only be interpreted as approving that part of the agreement dividing the property and not as approving the waiver of alimony.

Relying on *Adams* v. *Adams*, 29 Cal.2d 621 [177 P.2d 265], defendant contends that the trial court did not have jurisdiction to modify the property settlement agreement by providing for relief inconsistent with its terms. In that case, on an appeal from a decree similar to the one here, we said, "It is true that public policy requires the protection of the wife and that in a divorce action the court in its discretion may award her necessary alimony. (Civ. Code, § 139.) Such discretion, however, does not empower the trial court to modify valid agreements of the parties pertaining to the division of their property. The court cannot, as was attempted in the present case, purport to approve the agreement and at the same time order payment of support and maintenance contrary to its terms." (29 Cal.2d at 627.) Since in that case the plaintiff made no showing that the agreement was inequitable or obtained by improper means, it was held that the agreement was binding on the parties and the court.

In the present case, however, defendant did not appeal from the interlocutory decree. That decree is now final, and in this proceeding defendant seeks collaterally to attack the provision awarding alimony. Accordingly, we are not concerned with whether the court erred in granting relief inconsistent with the property settlement agreement but only with whether it had jurisdiction to do so.

When the property rights of the parties are put in issue, the court in a divorce action has jurisdiction to determine them. (*Huber* v. *Huber*, 27 Cal.2d 784, 793 [167 P.2d 708].) Similarly, it has jurisdiction to determine whether a property settlement agreement is equitable and should be enforced (*Adams* v. *Adams, supra*, 29 Cal.2d 621, 628), and to award alimony in a proper case. (Civ. Code, § 139.)

All of these questions were raised by the pleadings in this case, and the relief granted was in accord with the prayer of the complaint. By asking that approval be withheld from the provision of the agreement respecting alimony, plaintiff in effect attacked the validity of that agreement. On the other hand, her request that the remaining provisions be approved was tantamount to a claim that she was entitled in any event to the property the agreement provided she

should have. In addition, by praying for nominal alimony, she in effect asked the court to exercise its power to reserve jurisdiction to award substantial alimony in the future if changed circumstances should justify such an award. (See, *McClure* v. *McClure*, 4 Cal.2d 356, 359 [49 P.2d 584, 100 A.L.R. 1257]; *Puckett* v. *Puckett*, 21 Cal.2d 833, 841 [136 P.2d 1]; *Wilson* v. *Superior Court*, 31 Cal.2d 458, 464 [189 P.2d 266]; *Gebhardt* v. *Gebhardt*, 69 Cal.App.2d 723, 727-728 [160 P.2d 177]; *Soule* v. *Soule*, 4 Cal.App. 97, 101 [87 P. 205].)

It may be conceded that she did not allege sufficient facts to show the invalidity of the agreement, or to show that regardless of its terms, she was entitled to the award of the property she received. The failure of a complaint to state a cause of action, however, does not render a default judgment vulnerable to collateral attack. It is sufficient if it apprises the defendant of the nature of the plaintiff's demand. (*Trans-Pacific T. Co.* v. *Patsy F. & R. Co.*, 189 Cal. 509, 513-514 [209 P. 357]; *Christerson* v. *French*, 180 Cal. 523, 525 [182 P. 27]; *In re James*, 99 Cal. 374, 376-377 [33 P. 1122, 37 Am.St.Rep. 60]; *Svetina* v. *Burelli*, 87 Cal. App.2d 707, 709 [197 P.2d 562]; *Henderson* v. *Henderson*, 85 Cal.App.2d 476, 479 [193 P.2d 135]; see, also, *Wells Fargo & Co.* v. *City etc. of San Francisco*, 25 Cal.2d 37, 40, 43, 44 [152 P.2d 625]; *Estate of Keet*, 15 Cal.2d 328, 335 [100 P.2d 1045].) Plaintiff's complaint met this test.

 Defendant finally contends that the order refusing modification should be affirmed to avoid multiplicity of suits. He argues that any amounts plaintiff might receive if the decree were modified would be in breach of their agreement, and that accordingly, he could recover them back as damages from plaintiff. This argument assumes the validity of the provision of the separation agreement waiving alimony. As pointed out above, however, plaintiff attacked that provision in her complaint, and the court, by granting her the alimony prayed for, determined that it was not binding upon her.

The order is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I dissent.

I cannot agree that the token alimony provision of $1.00 per month in this case is in harmony with the provisions

of section 139 of the Civil Code. That section provides that "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the *maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support,* . . . having regard to the circumstances of the parties respectively. . . ." (Emphasis added.) By no stretch of the imagination can it be said that the sum of $1.00 per month could be sufficient for the maintenance of the minor child here, or for the support of the wife. Alimony is granted for the express purpose of enabling the wife to maintain the children and support herself (Civ. Code, § 139). It is, therefore, in a different category than the $1.00 nominal consideration found in contracts and deeds to property. The legal effect is also entirely different. The legal effect of an alimony provision in a decree of divorce gives the trial court continuing jurisdiction to modify the sum awarded as the need of the one to whom the alimony was awarded increases or decreases, or the ability of the one paying the alimony changes. It is most apparent here that the sum of $1.00 per month was not sufficient to support anyone and that there is quite a difference between $1.00 and the $100 per month which the trial court is being asked now to allow the wife. It occurs to me that if the majority opinion is sound, had the trial court made a provision for one cent a month alimony the wife could later request that the one cent be increased to $1,000 or $10,000 per month depending upon her ability to show that the defendant had, by some means, come into a large sum of money because, under the conditions prevailing here, it would not be necessary for her to show that her condition had changed since it cannot possibly be said that one cent, or one dollar per month had *ever* been adequate support for her. (*Becker* v. *Becker,* 64 Cal.App.2d 239 [148 P.2d 381] ; 18 A.L.R.2d 10, 35 et seq.) To contend, seriously, that the provision for payment of $1.00 per month alimony was intended as support for the wife is absurd and ridiculous. Not only that, but in view of the express provision in the property settlement agreement whereby the wife waived all right to alimony, the $1.00 token alimony provision in the decree has the effect of perpetrating a fraud on the husband who, at the time, was not represented by counsel. The *only purpose* in inserting the provision for token alimony was to enable the trial court to retain jurisdiction and, in view of the waiver provision, is a fraud upon the husband.

In my opinion, the majority holding in this case is in conflict with *Adams* v. *Adams*, 29 Cal.2d 621 [177 P.2d 265]. We said there (p. 625) ''The third category includes contracts in which the wife waives all support and maintenance, or all support and maintenance except as provided in the agreement, in consideration of receiving a more favorable division of the community property. *The court cannot add a provision for alimony to such contracts without changing basically the agreement of the parties as to the division of their property. We are confronted with such a situation in the present case.* Plaintiff contends that the trial court did not make a new property settlement agreement for the parties but approved the agreement *except for the provision in which she waived all support and maintenance. . . .* The contract before the trial court in the present case was clearly one that attempted to settle the property rights of the parties. It contained a waiver of all other payments in consideration of her receipt of the major portion of the community property, and that waiver was inseparable from the remainder of the division of property. A waiver under such conditions is not void *per se.''* (Emphasis added.) It was further held that ''It is true that public policy requires the protection of the wife and that in a divorce action the court in its discretion may award her necessary alimony. (Civ. Code, § 139.) *Such discretion, however, does not empower the trial court to modify valid agreements of the parties pertaining to the division of their property. The court cannot, as was attempted in the present case, purport to approve the agreement and at the same time order payment of support and maintenance contrary to its terms.''* (Emphasis added.) We concluded that since nothing was shown to indicate that the agreement entered into between the parties was inequitable the parties are bound by the agreement. It is conceded in the majority opinion that plaintiff did not attack the terms of the property settlement as inequitable and there was no finding to that effect. There was not even a finding that the terms thereof waiving alimony was disapproved. It appears to me that the trial court had no jurisdiction to award alimony in the face of the clear provision *which it approved* in the property settlement agreement waiving it. In the Adams case, *supra,* 29 Cal.2d 621, we said the trial court was not *empowered* to modify valid agreements of the parties.

What does that mean except that the trial court does not have jurisdiction to do so? Or are we to use the word ''jurisdiction'' in one case and the word ''empower'' in another and

leave the attorneys to guess just what we do mean? That it is a guess is apparent from the briefs in this case because the plaintiff conceded that the opinion of the District Court of Appeals *(Cal.App.) 248 P.2d 777 which affirmed the trial court is correct "If the Adams case holds that a judgment rendered contrary to the rule [set forth above] is void or in excess of its jurisdiction" but that "*If* this court by the Adams and subsequent cases merely intended to say that a judgment awarding alimony contrary to the *Adams* case is subject to attack on a motion for a new trial or by appeal then the District Court of Appeal is in error." (Emphasis added.) The majority of this court now adds to the confusion in holding that the plaintiff really meant to attack that portion of the agreement waiving alimony and that she requested the balance thereof to be approved and "In addition she asked for alimony." As I have heretofore pointed out, the sum of $1.00 per month cannot reasonably be said to constitute alimony within the meaning of the code section (Civ. Code, § 139) and was only inserted in the decree so that continuing jurisdiction might be retained by the trial court. In so doing, the trial court perpetrated a fraud upon the husband in which the majority of this court now joins.

The holding of the majority here is also contrary to the decision of this court in *Patton* v. *Patton,* 32 Cal.2d 520 [196 P.2d 909] in which this court held that where a property settlement agreement declaring that the wife releases the husband from "all claims whatsoever" for support or attorney's fees has been determined to be valid in a prior action, the trial court in a divorce action has no power to make an award of alimony pendente lite and suit money contrary to the provisions of such agreement. Here there is no question as to the validity of the agreement as it was prepared by the wife's attorney. She submitted it for the approval of the court at the trial of her divorce action and the same was approved by the court at her request. I can see no distinction in the legal problem involved in the two cases. In the Patton case this court held that in a case where by a valid property settlement agreement, the wife waived all claim to alimony, the court had *no power* to make an award of alimony to her in a subsequent action for divorce. Here there can be no question in regard to the validity of the agreement. At least its validity is not questioned by the wife, and since it was approved by the

---

*A hearing was granted by the Supreme Court on December 4, 1952.

trial court in a divorce action, its validity is beyond question. Therefore, in the language of the Patton case the court had *"no power"* to make an award of alimony in her favor. If the court had "no power" to make an award of alimony in her favor, the spurious award of $1.00 in the interlocutory decree was obviously void.

Furthermore, it should follow that if the court had no power to make an award of alimony in favor of the wife because of the valid property settlement agreement in which she waived all her claim for support, it would then have been an idle act for the trial court to take evidence in support of her application for an increase in the amount of alimony awarded her by the interlocutory decree, as the court was likewise powerless to increase an award which it originally had no power to make. Therefore, even if we concede that the award of $1.00 per month alimony to the wife was mere error and not jurisdictional (which I do not) the trial court was certainly not required to take up the time of the court listening to evidence of changed conditions when it knew in advance that it was powerless to grant the relief demanded.

I would therefore affirm the judgment.

SCHAUER, J.—I think that we should abide by the authorities cited by Justice Carter. It seems to me that it is neither logical nor legally sound nor otherwise becoming for this court to give the dignity of its support to what appears to be essentially a subterfuge whereby a contract—the terms of which admittedly the court could not alter—is held to have been both approved and disapproved; and whereby, further, it is held in effect that a party to a court-approved contract may take all the benefits thereof, keep them, and continue to receive them, but disavow at will the obligations which constituted the consideration for making the contract in the first place.

I, too, would affirm the judgment of the trial court.