[Civ. No. 10560.    Third Dist.    July 31, 1962.]

THOMAS HALDEMAN, Petitioner, v. THE SUPERIOR
COURT OF SUTTER COUNTY, Respondent; MARY
HALDEMAN, Real Party in Interest.

Arthur S. Powell, Wilke, Fleury & Sapunor and Sherman
Wilke for Petitioner.

No appearance for Respondent.

Sullivan, Roche, Johnson & Farraher, James G. Changaris
and Gerald J. O'Connor for Real Party in Interest.

THE COURT.—This petition for a writ of mandamus
arises under the following facts.

An interlocutory decree awarded the wife a divorce upon
the grounds of extreme cruelty, denied her alimony, and made
a distribution of the community property.  The wife appealed
and this court affirmed that portion of the decree granting the
divorce, but reversed the portion denying her alimony and
making a distribution of the community property.  (202
Cal.App.2d 498 [21 Cal.Rptr. 75].)  The cause was remanded
to the superior court for a new trial on the issues as to which

it was reversed. The judgment and decision of the court became final May 17, 1962. ▮▮▮ Thereafter the husband moved for entry of a final decree of divorce upon affidavits showing the lapsation of time, as required by Civil Code section 132, and also showing the other usual conditions: lack of reconciliation, no cohabitation, and absence of default by the husband. The trial court denied the motion solely upon the ground that entry of a decree finally severing the marital relation must await the court's trial and determination of the issues as to which the case had been reversed, the court stating that otherwise it would lose jurisdiction to consider further and determine the question of alimony as it had been directed to do by this court. The husband has petitioned this court for a writ of mandamus.

We have determined that entry of a decree finally severing the marital relationship will not deprive the court of further jurisdiction to determine the question of alimony (or any of the other issues remaining undetermined) and that the writ should issue.

In *Harrold* v. *Harrold*, 43 Cal.2d 77 [271 P.2d 489], the Supreme Court of this state determined that entry of a decree finally severing the marital relationship was proper, notwithstanding that issues relating to a division of the community estate had not been finally determined. Although the case did not involve alimony and the superior court's entry of the final decree of divorce had been contemporaneous with its determination of the property distribution at the trial court level, the reasoning of the Supreme Court is equally applicable to the facts here. It holds that Civil Code section 132 does not specify when a final decree of divorce may be entered following a reversal on appeal and that the decree ". . . insofar as it ordered the dissolution of the bonds of matrimony, was affirmed and became the law of the case. Any question in connection therewith was and is no longer open. . . ."

In *Gebhardt* v. *Gebhardt*, 69 Cal.App.2d 723 [160 P.2d 177], it was held that the court having granted alimony could terminate it, but reserve the right to revive it thereafter if the needs of the wife justified. (Approved in *Smith* v. *Smith*, 40 Cal.2d 461 [254 P.2d 1].)

▮▮▮ No case has been cited which holds that a trial court loses jurisdiction to award alimony because it grants a final decree of divorce before reconsidering the question of alimony and property, pursuant to instructions of an appellate court on remand after an appeal from that aspect of the interlocu-

tory decree. To hold that jurisdiction may not be thus reserved, but that a marriage already long dissolved in fact must be maintained in law merely to satisfy the wholly artificial theory that alimony cannot be awarded after a marriage dissolution, is to assert a rule lacking in reason.

Let the writ issue.