[Civ. No. 44716. Second Dist., Div. Four. Jan. 14, 1976.]

In re the Marriage of SYBIL and MAX C. FINK.
MAX C. FINK, Respondent, v.
SYBIL FINK, Appellant.

**COUNSEL**

Greenberg & Glusker, Michael K. Collins and Harvey R. Friedman for Appellant.

R. Stephen Duke, John J. Waller, Rosendahl & Levitt and Edwin M. Rosendahl for Respondent.

**OPINION**

**FILES, P. J.**—The husband commenced this proceeding on January 10, 1972, with a petition for dissolution of his 31-year marriage. Husband moved for a separate and early trial of the dissolution issue, stating that reconciliation was not possible, that the dissolution hearing would be brief, and that the other issues (ascertainment and division of

community property, spousal support and attorney fees) would require a long trial preceded by extensive discovery. On March 12, 1974, the trial court granted husband's motion to bifurcate, and, after a hearing on March 21, 1974, granted an interlocutory judgment of dissolution, in which the court expressly reserved jurisdiction as to all other issues. That interlocutory judgment was entered on April 9, 1974, no trial having yet been held on the other issues. Wife has appealed the order of the trial court allowing bifurcation, and the interlocutory judgment entered April 9, 1974.

Wife does not now challenge the finding of the trial court that the marriage had broken down by reason of irreconcilable differences between the parties. The purpose of her appeal is to test the validity and effect of the interlocutory judgment.

The critical issues are (1) whether this interlocutory judgment is in law a judgment which is appealable despite the trial court's expressed intention to reserve jurisdiction to decide other issues at a later time; and (2) if it is a judgment, whether the trial court erred in not having first tried and determined the other issues in the case.

We have concluded that under the Family Law Act, Civil Code section 4000 et seq., operative January 1, 1970, the procedure followed was proper and that the interlocutory judgment of dissolution is effective and appealable.

Code of Civil Procedure, section 904.1, provides, in pertinent part, that "An appeal may be taken from a superior court in the following cases:

"(a) From a judgment, except (1) an interlocutory judgment, other than as provided in subdivisions (h), (i) and (j) . . .

"      .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(j) From an interlocutory judgment of dissolution of marriage."

Intermediate orders, such as that of the trial court on March 12, 1974, bifurcating the issues and setting the dissolution contest for a separate trial, are not appealable. Insofar as this appeal has been taken therefrom, the appeal must be dismissed. The propriety of the court's ruling, however, may be considered here upon review of whatever appealable judgment ensues.

■ Wife contends that the judgment entered April 9, 1974, violates the one-judgment rule. " ' "There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy." ' " (*Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, 701-702 [128 P.2d 357].)

■ This rule is interrelated with the right of appeal, because "no order or judgment may be appealed from unless it finally disposes of the case in the trial court . . . [A] disposition which determines completely all issues between two opposing parties is final within the meaning of the basic rule [citation]; but a disposition which leaves undetermined essential issues is not final, even though it purports to dispose of some issues [citation]." (*Turner* v. *Los Angeles Realty Board* (1965) 233 Cal.App.2d 755, 758 [43 Cal.Rptr. 919].)

The rule that there be but one final appealable judgment in a lawsuit has been characterized as a "fundamental principle of appellate practice in the United States. The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 36, p. 4050.)

In divorce actions under the statutory law existing prior to 1970, the interlocutory decree of divorce was recognized as the final judgment which determined rights and duties as between the parties to the marriage, and hence the interlocutory decree was made appealable under Code of Civil Procedure section 904.1, subdivision (j). The same section would permit an appeal from the interlocutory decree of dissolution under the Family Law Act if it is the equivalent "final" determination of the issues in the case.

Wife points out that in the instant case the procedure followed by the trial court will ultimately result in three judgments and, conceivably, multiple appeals: the interlocutory decree already entered; a final decree dissolving the marriage;[1] and a judgment resolving the economic issues

---

[1]Civil Code, section 4514: "When an interlocutory judgment has been entered pursuant to Section 4512 and six months have expired from the date of service of a copy of summons and petition or the date of appearance of the respondent, the court, on motion of either party or upon its own motion, may enter the final judgment dissolving the marriage, and such final judgment shall restore them to the status of single persons and permit either to marry after the entry thereof; and such other and further relief as may be necessary to complete disposition of the action, but if any appeal is taken from

which will have been litigated in the superior court while this appeal has been pending.

■ It has long been established that controversies over spousal support, division of marital property and custody of minor children can be litigated in an action separate from the action which decrees a termination of the marriage. (See *Estin* v. *Estin* (1948) 334 U.S. 541 [92 L.Ed. 1561, 68 S.Ct. 1213, 1 A.L.R.2d 1412]; *Lopez* v. *Lopez* (1965) 63 Cal.2d 735, 737 [48 Cal.Rptr. 136, 408 P.2d 744]; *Hull* v. *Superior Court* (1960) 54 Cal.2d 139, 147-148 [5 Cal.Rptr. 1, 352 P.2d 161].) This concept, sometimes called "divisible divorce," is not inconsistent with the basic principle that a single action should result in only one final appealable judgment. Although the parties may litigate their controversies in several actions, each action should, under conventional theory, result in a single judgment disposing of the issues raised in that action.

California law also recognizes a form of divisible appeal, in that a party may appeal either from the whole of a judgment or from a particular part of one. (See rule 1 (a), Cal. Rules of Court.) ■ The general rule is that where portions of a judgment are truly severable, an appeal from one portion will bring up for review only that portion, leaving all other parts of the judgment in full force and effect. (See *G. Ganahl Lumber Co.* v. *Weinsveig* (1914) 168 Cal. 664, 667 [143 P. 1025].) This principle, although conducive to partial adjudication, has long coexisted with the one judgment rule. (See, e.g., *Haldeman* v. *Superior Court* (1962) 206 Cal.App.2d 307 [23 Cal.Rptr. 895].)

*In re Marriage of Stuart* (1972) 27 Cal.App.3d 834 [104 Cal.Rptr. 395], involved a special application of the partial appeal rule under the Family Law Act. In *Stuart* the husband appealed from the interlocutory judgment of dissolution. The husband's brief on appeal was devoted principally to the issue of child custody and made no attack upon the portion of the decree ordering dissolution of the marriage. The wife moved to dismiss the appeal insofar as it purported to be from that portion of the decree which ordered dissolution. Her objective was to perfect her right to a final decree of dissolution under Civil Code section 4514 without waiting for appellate review of the contested issues. The difficulty facing the appellate court was that, prior to the 1970 Family Law Act, Civil Code section 132 had forbidden the entry of a final decree

the interlocutory judgment or a motion for a new trial is made, final judgment shall not be entered until such motion or appeal has been finally disposed of, nor then, if the motion has been granted or judgment reversed. . . ."

while "any appeal" from the interlocutory was pending, and the cases had construed this to be applicable whether the appeal was from a portion of the judgment or from the whole judgment. (See *Harrold* v. *Harrold* (1954) 43 Cal.2d 77 [271 P.2d 489].) New section 4514 also says no final judgment shall be entered if "any appeal is taken from the interlocutory judgment."

The *Stuart* court examined the purpose of the Family Law Act in the light of its antecedents and the apparent legislative purpose, and concluded that the Legislature did not intend that the entry of the final decree should be held up pending disposition of a limited appeal not involving the dissolution issue. Accordingly, the *Stuart* appeal was ordered dismissed insofar as it purported to be from that portion of the interlocutory judgment relating to dissolution; and the Court of Appeal further ordered that a remittitur issue directing the trial court to enter a final decree of dissolution upon the expiration of the six months' provision of section 4514.[2]

Although the *Stuart* decision did not involve an appeal from a partial judgment, and although the decision arrived at is not inconsistent with the one-judgment rule, its reasoning is pertinent here. The *Stuart* opinion is significant in that it persuasively and authoritatively marshals the reasons to believe that the new Family Law Act embodied a legislative intent that the dissolution of marriage should not be post-poned merely because issues relating to property, support, attorney fees or child custody were unready for decision.

A primary purpose of the Family Law Act was to remove from domestic relations litigation the issue of marital fault as a determining factor. (Attorney's Guide to Family Law Act Practice (Cont. Ed. Bar (2d ed.) 1972) p. 111; *In re Marriage of Stuart, supra,* 27 Cal.App.3d 834.) The framers of the act hoped that the new law would provide "practicable procedures" for dissolving marriages where irreconcilable differences existed between the parties, procedures which reflected a realistic approach to the problems involved. (Cal. Legislature, Assem. Committee on Judiciary, Report of 1969 Divorce Reform Legislation, 4 Assem.J. (1969 Reg. Sess.) p. 8054 *et seq.*)

In establishing "irreconcilable differences" as the sole ground of dissolution except in cases of incurable insanity, the Legislature made

---

[2]This decision was distinguished, but not disapproved, by the Supreme Court in *In re Marriage of Higgason* (1973) 10 Cal.3d 476, 489 [110 Cal.Rptr. 897, 516 P.2d 289].

possible a prompt and economical determination. At the same time the minimum waiting period for a final decree was changed from one year after the interlocutory (former Civ. Code, § 132) to six months after service of process (Civ. Code, § 4514). All of this reflects the legislative policy of permitting the prompt severance of a marriage relationship which had proved unworkable. This is the same philosophy which the California Supreme Court had expressed as a reason for recognizing the concept of divisible divorce long before the Legislature had modernized the statutory procedure.[3]

The early and separate trial of the dissolution issue, however, might prove to be of little benefit to a spouse seeking speedy disentanglement, if that determination did not become a judgment until all other issues had been decided.

Civil Code, section 4800, subdivision (a), provides: "[T]he court shall, either in its interlocutory judgment of dissolution of the marriage . . . or at a later time, if it expressly reserves jurisdiction to make such a property division, divide the community property . . . ."

This language may be read as authorizing the trial court to make an effective interlocutory judgment for dissolution, reserving jurisdiction to make another judgment in the same case dividing the property. Of particular significance is the statutory qualification "if it expressly reserves jurisdiction to make such a property division." This appears to contemplate a case in which the pleadings raised a property issue which the court chose to defer for later decision. In a case in which the pleadings did not allege the existence of property to be divided, there would be no occasion to reserve jurisdiction. The statutory authorization to decide property questions separately is not limited to situations such as that presented in *Estin* and *Hull, supra,* where dissolution and property rights were litigated in separate actions.

Civil Code section 4801, relating to spousal support, lacks such a reference to reserved jurisdiction. The pertinent language of section

---

[3]In *Hull* v. *Superior Court* (1960) 54 Cal.2d 139, 147-148 [5 Cal.Rptr. 1, 352 P.2d 161], the court said: "The divisible divorce is more than a jurisdictional concept. Severance of a personal relationship which the law has found to be unworkable and, as a result, injurious to the public welfare is not dependent upon final settlement of property disputes. Society will be little concerned if the parties engage in property litigation of however long duration; it will be much concerned if two people are forced to remain legally bound to one another when this status can do nothing but engender additional bitterness and unhappiness."

4801, subdivision (a), is "In any judgment decreeing the dissolution of a marriage or a legal separation of the parties, the court may order a party to pay for the support of the other party . . . ."

A statute expressly authorizing an award of spousal support in one kind of judgment does not necessarily mean that it is only in such a judgment that support may be granted. (Cf. *Hudson* v. *Hudson* (1959) 52 Cal.2d 735, 744 [344 P.2d 295].) Nevertheless, the juxtaposition of sections 4800 and 4801 with different language creates a troublesome problem of interpretation. Appellant wife cites this difference in language as a basis of her concern that the trial court's failure to include spousal support in the judgment appealed from might result in a loss of statutory jurisdiction to award it in a subsequent judgment.

In order to provide for greater flexibility of procedure under the Family Law Act, the Legislature provided in section 4001 as follows: "Notwithstanding any other provision of law, the Judicial Council may provide by rule for the practice and procedure in proceedings under this part." This delegation of rule-making power gives the Judicial Council rules (rule 1201 et seq., Cal. Rules of Court) special status in relation to statutory and decisional law.[4] Rule 1206 provides "To the extent that these rules conflict with [provisions of law applicable to civil actions generally], these rules shall prevail."

Rule 1249 states: "In the exercise of the court's jurisdiction pursuant to the Family Law Act, if the course of proceeding is not specifically indicated by statute or these rules, any suitable process or mode of proceeding may be adopted by the court which appears conformable to the spirit of the Family Law Act and these rules."

Rule 1287 prescribes the form of the interlocutory judgment, which contains the declaration that "entry of the final judgment shall not deprive this court of its jurisdiction over any matter expressly reserved to it in this or the final judgment until a final disposition is made of each such matter."

This unqualified language in the prescribed form of interlocutory judgment unambiguously supports the argument for a separate judgment of dissolution.

[4]"The Family Law Rules of the California Rules of Court supersede contrary statutes because the rules were adopted pursuant to and are consistent with specific constitutional and statutory authorizations having this effect." (*In re Marriage of McKim* (1972) 6 Cal.3d 673, 678, fn. 4 [100 Cal.Rptr. 140, 493 P.2d 868].)

■ In summary, our guidelines for the resolution of the present controversy are these:

1. A legislative policy to permit a court to dissolve promptly and simply a marriage which has irrevocably failed.

2. A legislative policy to employ novel and practical procedures in family law cases to accomplish the purposes of the act.

3. A provision in section 4800 which expressly authorizes a judgment dividing the marital property subsequent to the interlocutory judgment of dissolution in the same proceeding, which provision is inconsistent with the "one-judgment" principle.

4. A rule prescribing a form of interlocutory judgment of dissolution which expressly recognizes that other issues pending between the spouses in the same case may be adjudicated at a later time, even after the dissolution has become final.

It is also worthy of note that under the Family Law Act the simplicity of the substantive law and procedure relating to dissolution appears to make it unlikely that there will be a significant number of appeals from judgments relating only to that issue. The risk of multiple appeals seems minimal.

All of these circumstances point to the conclusion that the Family Law Act, as augmented and interpreted by the Judicial Council rules, authorizes a trial court, in its discretion, not only to bifurcate the trial, but to enter a separate interlocutory judgment of dissolution before other issues have been litigated. We therefore conclude that the judgment appealed from is a proper interlocutory judgment of dissolution of marriage, which is appealable under Code of Civil Procedure, section 904.1, subdivision (j); and that the trial court did not err in reserving jurisdiction for later determination of issues relating to property division, spousal support and attorney fees.

We need not and do not decide here whether a trial court might properly, under the Family Law Act and the rules, enter more than one other "final" and appealable judgment disposing of the other issues piecemeal.

In the case at bench, due to wife's appeal, husband has been unable to secure his final decree and freedom to remarry. Husband not only contends that the judgment from which wife appealed is nonappealable, but that it was a frivolous appeal, taken for the sole purpose of delay, and that a penalty should be imposed pursuant to rule 26 (a), California Rules of Court.

In view of the important issue raised on this appeal concerning the propriety of the multi-judgment procedure, and the absence of applicable decisional law, the appeal is not frivolous. Appellant wife was properly concerned that, if she did not appeal, the absence of an award of spousal support in the decree of dissolution might be held a bar to any future award. This appeal was brought for a legitimate objective, and has served its purpose.

The appeal from the order granting bifurcation is dismissed. The judgment is affirmed. No costs on appeal are awarded to either party.

. Dunn, J., and Jefferson (Bernard), J., concurred.