[Civ. No. 19818. Fourth Dist., Div. Two. Nov. 7, 1978.]

In re the Marriage of DOROTHY L. and WILLIAM D. LUSK.
DOROTHY L. LUSK, Appellant, v.
WILLIAM D. LUSK, Respondent.

**COUNSEL**

Vernon W. Hunt, Jr., for Appellant.

Lemkin, Schilling & Lemkin, John R. Schilling and Lawrence R. Lemkin for Respondent.

**OPINION**

**KAUFMAN, J.**—This is an appeal by wife from an interlocutory judgment dissolving the marriage and reserving jurisdiction to determine all other issues including spousal support, child support, division of community property and payment of attorney fees. Husband filed a motion to dismiss the appeal as frivolous and filed only for the purpose of delay. The motion to dismiss was ordered on calendar for oral argument together with the appeal.

Briefly, the following are the pertinent facts disclosed by the record. The parties were married in September 1966 and separated some 9 years

and 10 months later in July 1976. There are two children of the marriage now aged ten years and eight years, respectively. Wife instituted the dissolution action pursuant to Civil Code section 4506, subdivision (1) on December 17, 1976. Husband responded on May 6, 1977, also requesting a dissolution of the marriage. On September 30, 1977, husband filed a motion to bifurcate trial of the issue of dissolution of the marriage from all other issues in the case, jurisdiction over the other issues to be reserved. In support of the motion husband averred that he had no intention of reconciling with wife, that he believed it was in the best interest of all parties that the marriage be dissolved without further delay "so that all parties may develop a new life with a reasonable degree of stability and certainty" and with the hope that "immediate dissolution of the marriage will remove a great deal of emotional strain and pressure" from both husband and wife and "may help facilitate a settlement regarding the other reserved issues."

Wife opposed the motion to bifurcate on the ground that such procedure was not authorized by law and would be in excess of jurisdiction of the court. Alternatively, she urged that husband's motion was addressed to the judicial discretion of the court and that it would constitute an abuse of discretion to grant the motion under the circumstances indicated. The circumstances indicated were that there was a considerable amount of wealth involved and that granting the motion would render the applicability of a number of sections of the Civil Code relating to the community property presumption, spousal support and restraining orders uncertain and would also render uncertain the tax consequences of any subsequent division of the community property, perhaps, making it a taxable event.

Following a hearing on November 15, the motion to bifurcate the issues was granted on November 28, 1977. On December 27, husband gave notice that the trial of the issue of the dissolution of the marriage would be had on January 5, 1978. On January 5, the matter was assigned in department 1 to department 22 for trial. For some reason not clearly disclosed by the record the matter was retransferred from department 22 to department 1,[1] where the bifurcated issue was heard as a default matter. At the conclusion of the hearing, the court rendered an

[1]A minute order with respect to the events in department 22 merely indicates that the case was assigned for trial of the bifurcated issue, that husband and his attorney appeared, that there was no other appearance, that no proceedings were had, and that the matter was retransferred to department 1. The reporter's transcript of the subsequent proceedings in department 1 contains a statement by husband's attorney which appears to

interlocutory judgment of dissolution of marriage dissolving the marriage and expressly reserving all other issues including spousal and child support, division of community property and payment of attorney fees.

Wife's contentions on appeal are essentially the same as those she made in the trial court: the Family Law Act does not authorize or contemplate final adjudication of the dissolution of the marriage prior to resolution of the custody, support, property and attorney fee issues and, even if the trial court had jurisdiction to bifurcate the issues and render judgment dissolving the marriage, it abused its discretion in so doing under the circumstances in this case. Neither contention is meritorious.

■ The contention that the Family Law Act does not authorize or contemplate final adjudication of the dissolution of the marriage prior to resolution of the other issues was thoughtfully considered and rejected in *In re Marriage of Fink,* 54 Cal.App.3d 357 [126 Cal.Rptr. 626]. After reviewing the developments of the doctrine of divisible divorce in California (see, e.g., *Hull* v. *Superior Court,* 54 Cal.2d 139, 147-148 [5 Cal.Rptr. 1, 352 P.2d 161]), recognition of the doctrine of divisible appeal (see *In re Marriage of Stuart,* 27 Cal.App.3d 834 [104 Cal.Rptr. 395]), the purposes of the Family Law Act, the statutory language of specific sections of the Civil Code and several of the Family Law Rules of the California Rules of Court, the court concluded: "All of these circumstances point to the conclusion that the Family Law Act, as augmented and interpreted by the Judicial Council rules, authorizes a trial court, in its discretion, not only to bifurcate the trial, but to enter a separate interlocutory judgment of dissolution before other issues have been litigated. We therefore conclude that the judgment appealed from is a proper interlocutory judgment of dissolution of marriage, which is appealable under Code of Civil Procedure, section 904.1, subdivision (j); and that the trial court did not err in reserving jurisdiction for later determination of issues relating to property division, spousal support and attorney fees." (54 Cal.App.3d at p. 366.)

■ Wife contends the *Fink* decision is unsound, attacking principally the court's reliance on the Family Law Rules. The rules, wife asserts, are subordinate to and cannot control the statutes. We are by no means convinced that the result reached in *Fink* would be contrary to the statutes in the absence of the Family Law Rules. In any event, however, wife's assertion that the Family Law Rules cannot take precedence over

indicate that in department 22 there had been some opposition to proceeding as a result of which the judge presiding in that department "said to take it to a civil judge. He was not going to get involved."

statutory provisions is incorrect. It is true that the authority vested in the Judicial Council to adopt rules found in section 6 of article VI of the California Constitution is limited to adopting ". . . rules for court administration, practice and procedure, not inconsistent with statute . . . ." However, Civil Code section 4001 which, of course, is part of the Family Law Act, reads: "Notwithstanding any other provision of law, the Judicial Council may provide by rule for the practice and procedure in proceedings under this part." As noted by the California Supreme Court in *In re Marriage of McKim,* 6 Cal.3d 673, 678, fn. 4 [100 Cal.Rptr. 140, 493 P.2d 868], "[t]he practical effect of section 4001 . . . is to remove any restraints of statutory consistency on the Judicial Council's rules of practice and procedure under the Family Law Act. [Citations.] [¶] The Judicial Council's authority to change statutory rules of procedure in this area is underscored by the provision of rule 1206, California Rules of Court, that 'To the extent that these rules conflict with . . . [provisions of law applicable to civil actions generally], these rules shall prevail.' The Family Law Rules . . . supersede contrary statutes because the rules were adopted pursuant to and are consistent with specific constitutional and statutory authorizations having this effect. [Citations.]" (See also *In re Marriage of Fink, supra,* 54 Cal.App.3d at p. 365, fn. 4.) The bifurcation of issues for trial and the time at which a judgment disposing of severable issues becomes final for purposes of appeal are clearly procedural matters even if they may be said to have some possible incidental effect upon substantive rights as do many procedural rules.

We conclude that the reasoning in *Fink* is sound and that *Fink* correctly states the law. (See also *In re Marriage of Van Sickle,* 68 Cal.App.3d 728, 736 [137 Cal.Rptr. 568].)

One argument made and considered in *Fink* was that since under Civil Code section 4801, subdivision (a), an order for spousal support was expressly authorized only "[i]n any judgment decreeing the dissolution of a marriage or a legal separation of the parties, . . ." dissolution of the marriage prior to adjudication of support rights would leave the court without jurisdiction thereafter to make an order for spousal support. Relying in part on rules 1249 [". . . if the course of proceeding is not specifically indicated . . . any suitable process or mode of proceeding may be adopted by the court . . ."] and 1287 [prescribes the form of interlocutory judgment including "entry of the final judgment shall not deprive this court of its jurisdiction over any matter expressly reserved to it in this or the final judgment . . ."] of the Family Law Rules, the court rejected the argument. (54 Cal.App.3d at pp. 365-366.)

Similarly, in the case at bench, wife contends that adjudication of the dissolution of the marriage would leave the trial court without jurisdiction to make a subsequent order for her support under Civil Code section 4357 or ex parte protective orders in respect to the disposition or alienation of property or restraining husband from molesting or disturbing her or the minor children under Civil Code section 4359. The argument is that the language of those code sections indicate that such orders may be made only during the pendency of a proceeding for dissolution of marriage and that once the marriage is dissolved, no proceeding will any longer be pending for dissolution of the marriage. We are not so persuaded.

In the first place, the rationale of the *Fink* court in rejecting the virtually identical argument as to subdivision (a) of Civil Code section 4801 would be equally applicable to sections 4357 and 4359. If the court expressly reserved jurisdiction over such matters, its jurisdiction would not be exhausted by the entry of a final judgment dissolving the marriage. (Rule 1287, Family Law Rules; *In re Marriage of Fink, supra*, 54 Cal.App.3d at p. 365.) Secondly, if an action is commenced as one for dissolution of the marriage and involves issues of custody, support, property division and attorney fees, the fact that the issues are bifurcated and the marriage is dissolved does not necessarily require the conclusion that the action is no longer being prosecuted under Civil Code section 4500 et seq., pertaining to the dissolution of marriage. It would be entirely reasonable to conclude that the action continues to be prosecuted pursuant to that part of the Civil Code. Wife cites no decision holding or indicating the contrary.

■ Next, wife asserts that with respect to property acquired after adjudication of the dissolution of the marriage, that adjudication will deprive her of the presumption under Civil Code section 5110 that property acquired during the marriage is community property. She asserts that the loss of this presumption will be very detrimental to her inasmuch as husband has management and control of most of the community property which she claims is substantial in amount. Whether wife is correct in assuming that the community property presumption is or ought to be applicable to property acquired by a spouse between separation and dissolution of the marriage (cf. Civ. Code, § 5118) we need not decide. The presumption may be associated with Civil Code section 5110, but it is not prescribed or mandated by the statute; it is a creation of the courts. (See *Smith* v.

*Smith,* 12 Cal. 216, 224; *Estate of Niccolls,* 164 Cal. 368, 371 [129 P. 278]; *See v. See,* 64 Cal.2d 778, 783 [51 Cal.Rptr. 888, 415 P.2d 776].) Moreover, the presumption is no more than a rebuttable presumption (*In re Marriage of Mix,* 14 Cal.3d 604, 611-612 [122 Cal.Rptr. 79, 536 P.2d 479]; *Estate of Niccolls, supra*) and is itself procedural rather than substantive (see Evid. Code, §§ 600, 601, 604, 605, 606.) Thus a decision that would have the effect of making the presumption inapplicable during or shortening the duration of the time between separation and dissolution does not on that account implicate any lack of jurisdiction or authority on the part of the court. At most it would be a factor to be considered by the court in exercising its discretion.

■ Turning to the question of abuse of discretion, we agree with wife's contention that a motion to bifurcate and separately adjudicate the issue of dissolution of the marriage is addressed to the judicial discretion of the court. (See *In re Marriage of Fink, supra,* 54 Cal.App.3d at p. 366.) However, we cannot agree that an abuse of discretion is demonstrated here. The only bases for wife's opposition to the motion in the trial court were that dissolution of the marriage without adjudication of the other issues would render uncertain the application of the several Civil Code sections previously discussed and, in addition, would render uncertain the tax consequences of any subsequent division of the community property, perhaps making that a taxable event. As explained, however, any uncertainty with respect to the applicability of those sections of the Civil Code is ephemeral. Moreover, even if all our conclusions with respect to their applicability proved to be erroneous, husband would undoubtedly be estopped from asserting any lack of jurisdiction on the part of the court to make subsequent orders for child and spousal support, child custody, property division, and attorney fees and any other orders, such as restraining or protective orders, incidentally necessary to a complete and proper adjudication of those matters. His motion was made and granted and the interlocutory judgment was granted on his express suggestion that jurisdiction be reserved by the court to later adjudicate them, and the judgment entered expressly reserves jurisdiction as to these issues. For these reasons, the trial court was not required to deny the request for separate adjudication of the dissolution of the marriage on the basis of any uncertainty in the applicability of those portions of the Family Law Act referred to.

Neither was denial of husband's request required by wife's assertions about the uncertain tax consequences of dissolving the marriage without adjudicating the property and support rights. In the first place, the

showing made in the trial court consisted solely of the declaration of wife's attorney which did no more than speculate about the possible tax consequences. A court is not required to, and indeed it would be improvident to, base its decision on pure speculations. Secondly and more specifically, a court may justifiably disregard asserted tax consequences that may flow from its order when such consequences are purely speculative. (Cf. *In re Marriage of Fonstein*, 17 Cal.3d 738, 750 [131 Cal.Rptr. 873, 552 P.2d 1169].)

No abuse of discretion is demonstrated.

■ Husband's motion to dismiss the appeal on the ground it is frivolous and brought solely for the purpose of delay is founded on his conclusion that all the issues raised by wife were considered and determined adversely to wife's position in the *Fink* decision and that, since wife initiated the proceedings for dissolution of the marriage, her resistance to husband's motion and her prosecution of this appeal can only be attributed to her desire for delay. Although we have determined that wife's contentions on appeal are not well founded, several of them were not presented and considered in *Fink* and we do not think they may be appropriately classified as frivolous. While we have no way of really knowing what motivated wife to prosecute the appeal, her doing so is not necessarily inconsistent with her initiating the proceedings for dissolution of the marriage. In her petition for dissolution, she requested and expected adjudication of the custody, support, property and attorney fee issues at the same time as the dissolution. We are unable to say that her concerns that separate adjudication of dissolution of the marriage would occasion complications in the subsequent legal proceedings and perhaps unfavorable tax consequences are completely without foundation. Moreover, the *Fink* decision is that of another Court of Appeal, and while binding on the trial court, is not binding on this court, and wife's attack on the soundness of that decision, while not meritorious, cannot be said to have been frivolous.

Accordingly, the motion to dismiss the appeal and the request for sanctions are denied. The judgment is affirmed. Husband shall recover costs on appeal from wife's share of the community property, if any, when it is eventually divided.

Tamura, Acting P. J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 3, 1979.