Verone Marin FEHLHABER, Plaintiff-Appellee, Cross-Appellant,

v.

Robert F. FEHLHABER as personal representative of Fred Robert Fehlhaber, deceased, Defendant-Appellant, Cross-Appellee.

No. 79–2819.

United States Court of Appeals,
Fifth Circuit.*
Unit B

April 4, 1983.

Paul, Weiss, Rifkind, Wharton & Garrison, Mark Charles Morril, Paul Johnson Newlon and Lewis Richard Clayton, New York City, and Linwood C. Cabot, Fort Lauderdale, Fla., for defendant-appellant, cross-appellee.

Woodrow M. Melvin, Jr., Miami, Fla., R. Stephen Duke and Max C. Fink, Beverly Hills, Cal., for Verone Marin Fehlhaber.

## ON PETITION FOR REHEARING and REHEARING EN BANC

(Opinion March 11, 1982, 5 Cir., 1982, 669 F.2d 990)

Before GODBOLD, Chief Judge, HATCHETT, Circuit Judge, and MARKEY [**], Chief Judge.

GODBOLD, Chief Judge:

On petition for rehearing en banc by Verone Fehlhaber we withdrew our original opinion [1] largely favorable to Fred Fehlhaber and substituted a new opinion largely favorable to Verone. 681 F.2d 1015. We now have before us the petition for rehearing en banc by Fred [2] directed to the substituted opinion.

[**] Honorable Howard T. Markey, Chief Judge for the Federal Circuit, sitting by designation.

Fred asserts that we have failed to give proper recognition to the "manifest injustice" exception to the usual rules of res judicata. He relies on the *Greenfield* line of cases, *Greenfield v. Mather,* 32 Cal.2d 23, 194 P.2d 1 (1948). In *Greenfield* the California Supreme Court held by a bare majority that in the context of a marital dispute a prior judgment was not a bar to a subsequent decision concerning property issues because there were "no pleadings or evidence on the issue claimed to be adjudicated" in the prior action. 194 P.2d at 8. Justice Traynor dissented, joined by two other of the seven justices.

*Greenfield* has only dubious present validity. In *Slater v. Blackwood,* 15 Cal.3d 791, 796, 543 P.2d 593, 595, 126 Cal.Rptr. 225, 227 (1975), the California Supreme Court said:

We consider the *Greenfield* doctrine of doubtful validity and it has been severely criticized. (*See* 4 Witkin, [Cal.Proc. (2d Edition 1971)], Judgment, Sec. 150, p. 3295, et seq.) While we find it unnecessary for our present purposes to reach the question of whether *Greenfield* itself should be directly overruled, we expressly hold that the rule of that case is inapplicable [on the facts of this case].

But even if *Greenfield* is still alive it should not govern here. We have not concealed our feeling that the California property judgment was unjust. But we do not sit as roving chancellors to deny full faith and credit to any judgment that we consider unjust. The bounds of the constitutional structure are not the length of the chancellor's foot. Moreover, Fred's equitable position is not so strong as he asserts. He was given full and proper notice of the California proceedings, specially appeared to contest jurisdiction, lost on this issue, and then ignored the proceedings. He did not act in ignorance but rolled the dice and lost. He was given specific notice that Verone intended to have the request for admissions deemed admitted by his failure to respond. *See* fn. 20 in our opinion, 681 F.2d at 1029.

1. Which had appeared at 669 F.2d 990.

2. Who died pending this appeal.

He was served with the property division judgment and did not seek relief against it in the courts of California. *Id.* at 1028. To the extent that California judgments exceeded the scope of issues raised in the complaint, we have granted relief to Fred. *Id.* at 1025–26. We addressed in our opinion each of the specific defects claimed by Fred to exist and concluded that none of these defects is ground for collateral attack. *Id.* at 1028–29.

In our opinion, 681 F.2d at 1023, relying on *In Re Marriage of Lusk,* 86 Cal.App.3d 228, 234, 150 Cal.Rptr. 63, 67 (1978), we held that the Florida divorce did not divest the California court of its statutory jurisdiction over property and support issues even though the court might have expressly reserved jurisdiction over those issues. We quoted from *Lusk* saying:

. . . the fact that the marriage is dissolved does not necessarily require the conclusion that the action is no longer being prosecuted under [the Act]. It would be entirely reasonable to conclude that the action continues to be prosecuted pursuant to [the Act].

681 F.2d at 1023. This quotation should have read:

. . . the fact that *the issues are bifurcated and* the marriage is dissolved does not necessarily require the conclusion that the action is no longer being prosecuted under [the Act]. It would be entirely reasonable to conclude that the action continues to be prosecuted pursuant to [the Act].

150 Cal.Rptr. at 67. The words that we have italicized were omitted. Fred points out this omission and urges that it should change our conclusion because in *Lusk* the case was expressly bifurcated while the present case was not. Fred argues that where dissolution of the marriage occurs and the pending California case has not been bifurcated the court's statutory jurisdiction over the case terminates and its subsequent judgment should, therefore, not be enforced in Florida.

■ The words "the issues are bifurcated and" were omitted by clerical error in typing the last draft of our opinion. The court had before it the correct language from *Lusk,* and it did not misconstrue this language. The court in *Lusk* gave two distinct reasons for continued jurisdiction after dissolution of the marriage. The first given was that the lower court had made an express reservation of jurisdiction pursuant to the statute and the Family Law Rules. The principal thrust of the court's second rationale was the reasoning that because the action was properly commenced under the statute and raised issues of property division, child and spousal support, and attorney's fees, as well as issues concerning the marital res, statutory jurisdiction was retained by the lower court until all these issues were disposed of. "Bifurcation" does not have the same meaning as "express reservation of jurisdiction." Bifurcation is merely a procedural order of severance, governing the order and conduct of the trial of issues, and in and of itself does not affect jurisdiction. Reservation of jurisdiction is an entirely distinct step and occurs at a stage where an interlocutory judgment is entered on a previously bifurcated or severed issue. It is clear that these are the meanings given to these terms by the court in *Lusk. See* 150 Cal.Rptr. at 65–66. Moreover, the *Lusk* court, in explaining the holding of a prior related case, *In Re Marriage of Fink,* 54 Cal.App.3d 357, 126 Cal. Rptr. 626 (1976), concluded that the Family Law Act, as augmented and interpreted by the Judicial Council Rules, authorized a trial court not only to bifurcate the trial but to enter a separate interlocutory judgment of dissolution before other issues have been litigated. 150 Cal.Rptr. at 66. We conclude that once a California statutory proceeding is properly initiated, subsequent dissolution of the marriage has no effect on the court's continued jurisdiction of other issues determinable in a proceeding brought under the Family Law Act.

■ We declined to address Fred's contention that the California court acted beyond its jurisdiction in applying California's quasi-community property law to assets located outside the state, because the point

had not been adequately preserved for appeal. 681 F.2d at 1030. Fred's petition does not directly challenge the finding that the issue was not properly preserved. While he notes that the issue was raised in his answer to the supplemental complaint, as we acknowledged in our opinion at p. 1030, he does not respond to the fact that the issue was abandoned by failure to raise it in either of his two briefs in response to the motion for summary judgment and by failure to include it in the pretrial stipulation entered into by the parties that established the issues to be tried. We adhere to our conclusion that there are not adequate reasons to excuse this failure to properly raise the issue below.

The petition for rehearing by Fred Fehlhaber is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the suggestion for Rehearing En Banc is DENIED.