Filed 11/21/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COUNTY OF LOS ANGELES, | B344575 |
| Respondent, | (Los Angeles County Super. Ct. No. 23CWCS13966) |
| v. | |
| HENRY J. LUGO III, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hillary Gerber, Commissioner.  Reversed and remanded with directions.

Henry J. Lugo III, in pro. per., for Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Ricardo Enriquez, Deputy Attorneys General for Respondent.

_____

Henry J. Lugo III, appeals from an order denying, as untimely, his request under Family Code section 7576 to set aside a voluntary declaration of paternity (VDOP) that he signed in March 2015, which was filed the same month with the California Department of Child Support Services (DCSS).[1]  Lugo filed his request on mandatory Judicial Council form FL-280 ("Request for Hearing and Application to Cancel (Set Aside) Voluntary Declaration of Parentage or Paternity"), within the applicable time frame identified by optional Judicial Council form FL-281 ("Information Sheet for Completing [form FL-280]").

Giving appropriate deference to the Judicial Council's reasonable interpretation of statutes in adopting forms FL-280 and FL-281, we hold that if a VDOP was filed before January 1, 2020, a request to set aside the VDOP may be timely filed within the time permitted by former section 7575, subdivision (c)(1). Specifically, the request is timely if filed within a reasonable time, not exceeding six months, after a court makes an initial order for custody, visitation, or child support based on the VDOP. Because Lugo filed his request within a reasonable time and within the six-month deadline after the trial court entered an initial order for child support, we hold that the trial court erred by denying his request as untimely.

Accordingly, we reverse the order denying Lugo's request as untimely and remand for the trial court to consider the merits

---

[1] Undesignated statutory references are to the Family Code.  The Family Code formerly referred to voluntary declarations of "paternity" but now refers to voluntary declarations of "parentage."  (Stats. 2018, ch. 876, §§ 28-40.)  We use "VDOP" to refer to declarations under either name.

of the request in the first instance.  We express no opinion as to the merits.

## BACKGROUND

**A.     In 2015, Lugo signed a VDOP, which was filed with DCSS.**

In March 2015, in a hospital in Los Angeles, Antoinette Martinez gave birth to a daughter, T.L.  On March 15, 2015, Lugo and Martinez signed a VDOP identifying Lugo as T.L.'s biological father.  On March 24, 2015, hospital staff filed the VDOP with DCSS.  Upon its filing, the VDOP became generally equivalent to a judgment of parentage.  (See § 7573, subds. (c)-(d); former § 7573.)

As explained in more detail in the Discussion, at the time the VDOP was filed in 2015, former Family Code section 7575, subdivision (c)(1), authorized a signatory to file a motion to set aside a VDOP on the grounds described in Code of Civil Procedure section 473 within a reasonable time, not exceeding six months, after a court made an initial order for custody, visitation, or child support based on the VDOP.  Effective January 1, 2020, the Legislature repealed former Family Code section 7575, subdivision (c)(1), and enacted the current version of Family Code section 7576, which authorizes a signatory to challenge a VDOP only on the grounds of fraud, duress, and material mistake of fact, and only within two years after the VDOP was filed.  (Stats. 2018, ch. 876, §§ 37, subd. (d), 38, 40.)

Also effective January 1, 2020, the Judicial Council revised form FL-280 (request to set aside a VDOP) and form FL-281 (information sheet for completing form FL-280).  As revised, form

3

FL-281 indicates that section 7576's current two-year deadline applies only to VDOPs filed after January 1, 2020.  Regarding VDOPs, like Lugo's, filed before that date, form FL-281 instructs signatories to file any set-aside request within the applicable time frame, which it identifies as either before the child's second birthday or within six months of the entry of a court order or judgment for child custody, visitation, or support based on the VDOP.

**B.     In 2023, the County of Los Angeles sued Lugo to establish child support.  The trial court entered an order and a judgment requiring Lugo to pay $584 per month in child support.**

In September 2023, respondent County of Los Angeles (the County) filed a complaint against Lugo to establish child support for T.L. based on the VDOP.[2]  Lugo filed an in pro. per. answer denying that he was the child's father.

In March 2024, after Lugo retained counsel, he filed an initial request to set aside the VDOP on the ground of fraud.  The

---

[2] The County transferred its interest in this appeal to DCSS under Code of Civil Procedure section 368.5.  Because no party has moved for substitution, DCSS defends this appeal in the County's name.  (See Code Civ. Proc., § 368.5 ["The action or proceeding may be continued in the name of the original party"]; 4 Witkin, Cal. Procedure (6th ed. 2025) Pleading, § 261 [" 'If no substitution is asked for, the case will go on in the name of the original party' " (quoting *Malone v. Big Flat Gravel Mining Co.* (1892) 93 Cal. 384, 390)]; *Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 133.)

County opposed the request as untimely. Lugo took the request off calendar.[3]

On April 30, 2024, the trial court granted the County's motion for judgment based on the VDOP and entered a minute order requiring Lugo to pay child support to the State Disbursement Unit in the amount of $584 per month, beginning retroactively on November 1, 2023. Lugo's attorney withdrew from the matter on the same day the court entered the order. On July 31, 2024, the court entered a judgment requiring Lugo to pay $584 in monthly child support as ordered.

## C.  Within six months after the initial child support order, Lugo filed a request to set aside the VDOP on the ground of fraud.

On October 8, 2024 (five months and eight days after entry of the child support minute order), Lugo filed an in pro. per. request, on mandatory Judicial Council form FL-280, to set aside the VDOP on the ground of fraud. Form FL-280 refers the reader to Judicial Council form FL-281 "[f]or more information about completing this form." In turn, the first sentence of form FL-281 states: "If you do not have a lawyer representing you, please follow these instructions to complete [form FL-280]."

Lugo argued that under form FL-281 (which he submitted as an exhibit) and Code of Civil Procedure section 473,

_____

[3] Although neither Lugo nor the trial court restored the initial request to set aside the VDOP to the calendar, the court mistakenly entered an order denying the request. The court subsequently set aside that order. The court noted that the order did not have any preclusive effect on Lugo's second request to set aside the VDOP (the request at issue on this appeal). The County does not argue otherwise.

subdivision (b), his request was timely filed within six months after the trial court entered the child support minute order. He relied on the following language in form FL-281: "Your request must be filed within the time frame that applies to you: [¶] For all declarations filed before January 1, 2020: [¶] (1) Before the child's second birthday, or (2) within six months of the entry of a court order or judgment for child custody, visitation, or support based on the declaration." (Boldface omitted.)

Lugo acknowledged that the current version of section 7576, which became operative on January 1, 2020 (§ 7576, subd. (c)), requires a signatory to commence a challenge to a VDOP within two years after the VDOP's filing (§ 7576, subd. (a)). He argued that, as indicated by form FL-281, this two-year deadline does not apply to VDOPs filed before January 1, 2020, and instead applies only to VDOPs filed after that date.

Lugo also produced a court record indicating that the County of San Bernardino had filed a complaint against him in June 2017 to establish child support based on the VDOP, but voluntarily dismissed the complaint without prejudice the same month. Lugo argued that he had prepared to timely challenge the VDOP on the ground of fraud in the 2017 action (before section 7576's current two-year deadline went into effect on January 1, 2020), but the government's voluntary dismissal of the action had unfairly deprived him of an opportunity to do so.

On the merits, Lugo declared that Martinez, T.L.'s mother, fraudulently induced him to sign the VDOP by lying to him during her pregnancy that he was the biological father. Within weeks after signing the VDOP, Lugo pled no contest to a criminal charge and was placed on probation with a condition requiring him to serve 180 days in county jail. Before he surrendered for

6

his jail term, a laboratory collected DNA samples from him and the child. On May 13, 2015 (59 days after he and Martinez signed the VDOP and two days after he started his jail term), a laboratory sent his family the DNA testing results, which indicated he was not the father.

Lugo further declared that after he was released from jail around six months later, he repeatedly asked Martinez to make T.L. available for additional DNA testing, but she refused. Martinez allegedly admitted to him that she knew he was not the father. Lugo cut ties with Martinez and never had any relationship with the child.

## D.     The trial court denied Lugo's request to set aside the VDOP as untimely.

The County filed a one-page opposition to Lugo's request to set aside the VDOP, arguing that his request was untimely under Code of Civil Procedure section 473 and Family Code sections 3691, 7550, 7575, and 7646 because he filed it more than nine years after the VDOP was filed.

At the hearing on the request, the trial court stated that "[t]he statute" (presumably referring to section 7576) provides only a two-year period after a VDOP is filed in which a signatory may request to set it aside. Lugo renewed his argument that his request was timely under Judicial Council form FL-281 because the VDOP was filed before January 1, 2020, and he filed the request within six months after the initial order for child support. The court asked the County if it had a response to Lugo's argument based on form FL-281. The County answered, "No, Your Honor," and submitted on its argument that a two-year statutory deadline applied.

7

The court denied Lugo's request as untimely, stating: "[B]ased on the filings by the County and my own independent research, I'm inclined to find that this motion is untimely. . . . [The VDOP] has the same force and effect as a conclusive judgment given the period of time in which it has existed. And I'm not finding really any explanation that unsatisfactory [*sic*] explains the purpose of your delay in time in coming to seek this relief. You know, the child, I believe, is nine years old at this time. And for that reason, I'm respectfully . . . denying your motion."

Lugo filed a timely notice of appeal from the order denying his request to set aside the VDOP.

## DISCUSSION

As the County acknowledges, the merits of Lugo's request to set aside the VDOP are not at issue; the sole issue on this appeal is whether the trial court erred by denying the request as untimely. The parties dispute whether the trial court erred by applying section 7576's current deadline rather than the time frame provided in former section 7575, subdivision (c)(1), which Judicial Council form FL-281 indicates applies to a set-aside request, like Lugo's, that challenges a VDOP that was filed before January 1, 2020. We review this question of law de novo. (*In re Marriage of Kelkar* (2014) 229 Cal.App.4th 833, 838, citing *In re Marriage of Fellows* (2006) 39 Cal.4th 179, 183 (*Fellows*).)

8

## A. Legal background

### 1. Effective January 1, 2020, the Legislature amended sections 7575 and 7576 to narrow the substantive grounds and shorten the deadline for a request to set aside a VDOP.

At the time Lugo signed the VDOP in 2015, former section 7575 provided three methods for a signatory to challenge a VDOP, each subject to a different time limit.  First, a signatory could rescind a VDOP by filing a rescission form with the DCSS "within 60 days of the date of execution of the declaration." (Former § 7575, subd. (a).)  Second, "not later than two years from the date of the child's birth" (or in an action regarding paternity or child support, custody, or visitation), a signatory could file a motion for genetic tests (former § 7575, subd. (b)(3)(A)), which could result in a court setting aside the VDOP if the court made specified findings (former § 7575, subd. (b)(1)).

Third, and most relevant here, former Family Code section 7575, subdivision (c)(1), provided:  "Nothing in this chapter shall be construed to prejudice or bar the rights of either parent to file an action or motion to set aside the voluntary declaration of paternity on any of the grounds described in, and *within the time limits specified in*, Section 473 of the Code of Civil Procedure.  If the action or motion to set aside a judgment is required to be filed within a specified time period under Section 473 of the Code of Civil Procedure, *the period within which the action or motion to set aside the voluntary declaration of paternity must be filed shall commence on the date that the court makes an initial order for custody, visitation, or child support based upon a voluntary declaration of paternity*."  (Italics added.)

9

In turn, Code of Civil Procedure section 473 provides, in relevant part: "The court may, upon any terms as may be just, relieve a party . . . from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.[4] Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment . . . was taken." (Code Civ. Proc., § 473, subd. (b).) Because former Family Code section 7575, subdivision (c)(1) provided that the time to challenge a VDOP under Code of Civil Procedure section 473, subdivision (b), commenced when a court made an initial order for custody, visitation, or child support, the statutes, taken together, authorized a challenge to a VDOP within a reasonable time, not exceeding six months, after such an order's entry.

Effective January 1, 2020, the Legislature repealed former section 7575, subdivision (c)(1), and enacted the current version of section 7576. (Stats. 2018, ch. 876, §§ 37, subd. (d), 38, 40.) Section 7576 now provides: "After the [60-day] period for rescission provided in Section 7575 expires, but *not later than two years after the effective date provided in subdivision (c) of Section 7573 of a voluntary declaration of parentage* [i.e., the date the VDOP was filed with DCSS, if neither signatory was a minor], a signatory of the voluntary declaration of parentage may commence a proceeding to challenge the declaration on the basis

---

[4] "Fraud is recognized as a ground for relief under [Code of Civil Procedure section 473, subdivision (b)]." (*Rice v. Rice* (1949) 93 Cal.App.2d 646, 651; cf. *Don v. Cruz* (1982) 131 Cal.App.3d 695, 702, fn. 2 ["To the extent that fraud has influenced the moving party's conduct, it is simply an explanation for the moving party's mistake or excusable neglect"].)

of fraud, duress, or material mistake of fact."  (§ 7576, subd. (a), italics added.)  "This section shall become operative on January 1, 2020."  (§ 7576, subd. (c).)

> **2. Section 4 establishes a general rule that Family Code amendments apply retroactively, subject to an exception in subdivision (e) that former law governs the validity of an order made before an amendment's operative date.**

Section 4 defines " 'New law' " to include any "act that makes a change in this [Family] code," and defines " 'Old law' " as "the applicable law in effect before the operative date of the new law."  (§ 4, subd. (a).)  "Subject to the limitations provided in this section, the new law applies on the operative date to all matters governed by the new law, regardless of whether an event occurred or circumstance existed before, on, or after the operative date, including, but not limited to, commencement of a proceeding, making of an order, or taking of an action."  (§ 4, subd. (c).)  The foregoing language establishes a "general rule" that amendments to the Family Code apply retroactively (*Fellows*, *supra*, 39 Cal.4th at p. 186), "subject to numerous exceptions" (*id.* at p. 187, fn. 10, citing § 4, subds. (d)-(h).)

As relevant, the exception codified in section 4, subdivision (e), provides:  "If an order is made before the operative date, or an action on an order is taken before the operative date, the validity of the order or action is governed by the old law and not by the new law."  Although the statutory text does not expressly refer to a judgment, our Supreme Court held in *In re Marriage of Heikes* (1995) 10 Cal.4th 1211, 1214, footnote 1 (*Heikes*), that under section 4, subdivision (e), the validity of the trial court's

11

"judgment" in a dissolution proceeding was governed by the law in effect at the time the judgment was entered, notwithstanding that law's subsequent repeal.

**3. Interpreting section 4 as applied to the relevant amendments, the Judicial Council revised forms FL-280 and FL-281 to indicate that former law governs a request to set aside a VDOP if the VDOP was filed before January 1, 2020.**

"The Judicial Council's membership consists of appellate and trial judges, as well as others (Cal. Const., art. VI, § 6, subd. (a)), so it 'is uniquely situated to implement the legislative policy.'" (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1013 (*Sara M.*); see also Cal. Rules of Court, rule 10.2(a)(1).) "The Judicial Council also has standing advisory committees that advise it in areas of each committee's expertise. . . . Among the standing advisory committees is one on family and juvenile law, which is required to have members with a wide variety of experience and perspectives." (*Sara M.*, at pp. 1013-1014; see also Cal. Rules of Court, rule 10.43.) "[The Council's] process for promulgating rules includes procedures similar to those of the [Administrative Procedure Act] that enhance the final product's reliability. These procedures include internal review as well as notice to the public and an opportunity for public comment whenever the proposed rule is other than a minor or technical change."[5] (*Sara M.*, at p. 1013; see also Cal. Rules of Court, rules 10.20-10.22.)

---

[5] "A Judicial Council . . . advisory committee . . . may recommend that the council adopt, amend, or repeal a rule or

12

In 2019, after receiving and responding to public comments, the Family and Juvenile Law Advisory Committee recommended that the Judicial Council revise form FL-280 (request to set aside a VDOP) and form FL-281 (instruction sheet for completing form FL-280) to account for the statutory amendments that would go into effect on January 1, 2020. (Judicial Council of Cal., Advisory Com. Rep., Family Law: Changes to Parentage Rules and Forms (Sept. 6, 2019), pp. 1-3, 6-8, 11.) The Council unanimously approved the revisions, which took effect on January 1, 2020. (Judicial Council of Cal., Meeting Minutes (Sept. 24, 2019), pp. 5, 25-26.)

As revised, form FL-281 provides: "Your request must be filed within the time frame that applies to you: [¶] For all declarations filed *before* January 1, 2020: [¶] (1) Before the child's

standard or adopt, approve, revise, or revoke a form." (Cal. Rules of Court, rule 10.22(a).) "The . . . advisory committee . . . must first submit its proposal to Legal Services for legal and drafting review." (*Id.*, rule 10.22(b).) "After the proposal has been reviewed by Legal Services . . . , the proponent must submit the proposal to the Rules Committee . . . ." (*Id.*, rule 10.22(c).) "The Rules Committee must review the recommendation and may take one of the following actions: [¶] (1) Circulate the proposal for public comment . . . ." (*Id.*, rule 10.22(d).) "After a proposal is circulated, the proponent must review the comments and decide whether to reject the proposal or to recommend that the council adopt it, with or without modifications." (*Id.*, rule 10.22(e).) "If, after reviewing the comments, the proponent recommends that the council adopt the proposal, the matter will be placed on the council's agenda. The Rules Committee must review the recommendation and submit its own recommendation to the council. The council may adopt, modify, or reject the proposal." (*Id.*, rule 10.22(f).)

13

second birthday, or (2) *within six months of the entry of a court order or judgment for child custody, visitation, or support based on the declaration.* [¶] For declarations filed on or after January 1, 2020, that you did NOT sign: [¶] (1) Within two years of the effective date of the declaration, or (2) within six months of the entry of a court order or judgment for child custody, visitation, or support based on the declaration. [¶] For declarations filed *on or after* January 1, 2020, that you did sign: [¶] (1) Within two years of the effective date of the declaration." (Boldface and asterisks omitted and italics added.)

Regarding substantive grounds for relief, revised forms FL-280 and FL-281 both indicate that a signatory may request to set aside a VDOP on the grounds identified in the current version of Family Code section 7576 (fraud, duress, and material mistake of fact). If the VDOP was filed before January 1, 2020, the forms indicate that the challenge may be made on the additional grounds of "mistake, inadvertence, surprise, or excusable neglect" (the grounds for relief stated in Code of Civil Procedure section 473, subdivision (b), and incorporated by reference into former Family Code section 7575, subdivision (c)(1)) or "Other."

In sum, to the extent that the amendments to sections 7575 and 7576 narrowed the substantive grounds and shortened the deadline for requests to set aside VDOPs, the Judicial Council concurrently revised form FL-281 in a manner indicating that the law predating the amendments continues to apply to a request to set aside a VDOP if the VDOP was filed before the amendments' operative date of January 1, 2020.

The Family and Juvenile Law Advisory Committee explained its recommendation to make these revisions as follows: "The committee acknowledged the difficulty of this question, but

14

in the end reached the conclusion that the old set-aside rules should continue to apply to declarations filed before January 1, 2020. [¶] In reaching this conclusion, the committee acknowledged that there are exceptions to the general rule set forth in Family Code section 4(c) that a new law applies immediately to all matters upon its effective date.  Specifically, orders are governed by the law applicable when the order was made.  (Fam. Code, § 4(e).)  The committee noted that under California law, a voluntary declaration of parentage or paternity has the 'same force and effect as a judgment for paternity' [(former Fam. Code, § 7573, subd. (a))] or is 'equivalent to a judgment of parentage.'  [(Fam. Code, § 7573, subd. (d).)]  And if the voluntary declaration is to be treated the same as a judgment, then its validity should be governed by the applicable law in place when it was signed and filed with DCSS." (Judicial Council of Cal., Advisory Com. Rep., Family Law:  Changes to Parentage Rules and Forms (Sept. 6, 2019), p. 7, fns. omitted.) The committee noted that it had considered and disagreed with a public comment from DCSS arguing that under Family Code section 4, subdivision (c), the new set-aside rules should apply regardless of the date a VDOP was filed.  (Judicial Council of Cal., Advisory Com. Rep., at pp. 11, 80, 109-110.)

4. **The Judicial Council's interpretation of statutes in adopting family law rules and forms is entitled to judicial deference.**

The Legislature delegated rulemaking authority in Family Code proceedings to the Judicial Council by enacting section 211, which provides:  "Notwithstanding any other provision of law, the Judicial Council may provide by rule for the practice and

15

procedure in proceedings under this [Family] code." "All forms adopted or approved by the Judicial Council for use in any proceeding under the Family Code, including any form in the FL . . . series, are adopted as rules of court under the authority of Family Code section 211; article VI, section 6 of the California Constitution; and other applicable law." (Cal. Rules of Court, rule 5.7(a).)

"The rules of court that the Judicial Council adopts can fall into either [of two] categor[ies]; some rules are genuine lawmaking and some are interpretive." (*Sara M.*, *supra*, 36 Cal.4th at p. 1013.) A rule that interprets a statute "is entitled to a lesser degree of judicial deference than a rule that comes within the agency's delegated legislative power to make law." (*Ibid.*) "But it is still entitled to some deference. In such a case, ' "the judiciary, although taking ultimate responsibility for the construction of the statute, accords great weight and respect to the administrative construction." ' " (*Ibid.*, quoting *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 12.)

"How much weight to give such a rule is '*situational*' and depends on a number of factors. [Citation.] Factors to consider are whether the administrative interpretation is ' "contained in a regulation adopted after public notice and comment [rather than one] contained in an advice letter prepared by a single staff member" '; whether the interpretation is long-standing and has been consistently maintained; and whether the interpretation was contemporaneous with the legislative enactment of the statute being interpreted." (*Sara M.*, *supra*, 36 Cal.4th at p. 1013.) In *Sara M.*, our Supreme Court concluded that a Judicial Council rule interpreting a contemporaneously enacted statute,

16

which the Council adopted pursuant to its notice-and-comment procedures and did not change in the 15 years between the rule's adoption and the Supreme Court's decision, was "entitled to great weight" and would be overturned only if it was "clearly erroneous." (*Id.* at p. 1014.)

In that case, the Judicial Council adopted the rule at issue pursuant to a legislative directive to " 'establish rules governing practice and procedure in the juvenile court *not inconsistent with law.*' " (*Sara M., supra,* 36 Cal.4th at p. 1011, quoting Welf. & Inst. Code, § 265, italics added.) Here, in contrast, the Council adopted forms FL-280 and FL-281 pursuant to its authority under Family Code section 211 (Cal. Rules of Court, rule 5.7(a)), which authorizes the Council to provide by rule for practice and procedure in Family Code proceedings "[n]otwithstanding any other provision of law" (Fam. Code, § 211).[6]

---

[6] Interpreting a substantively identical provision of the former Family Law Act, our Supreme Court observed: "The practical effect of [former Civil Code] section 4001 . . . is to remove any restraints of statutory consistency on the Judicial Council's rules of practice and procedure under the Family Law Act." (*In re Marriage of McKim* (1972) 6 Cal.3d 673, 678, fn. 4; accord, *In re Marriage of Fink* (1976) 54 Cal.App.3d 357, 365; *In re Marriage of Lusk* (1978) 86 Cal.App.3d 228, 232-233.) Courts have interpreted Family Code section 211 in the same manner. (See *In re Marriage of Guasch* (2011) 201 Cal.App.4th 942, 948 [citing *McKim*, *Fink*, and *Lusk* in describing Family Code section 211's general effect].)

**B.** **If a VDOP was filed before January 1, 2020, a request to set aside the VDOP may be timely filed within the time permitted by former section 7575, subdivision (c)(1).**

As discussed above, in adopting Judicial Council forms FL-280 and FL-281 as rules of court pursuant to its authority under section 211, the Judicial Council interpreted section 4, subdivision (e), to require the application of former law, rather than the law as amended effective January 1, 2020, to a request to set aside a VDOP if the VDOP was filed with DCSS before January 1, 2020.

The County acknowledges that the Judicial Council's interpretation of a statute is "highly persuasive." (*In re M.B.* (2011) 201 Cal.App.4th 1057, 1063, citing *Sara M.*, *supra*, 36 Cal.4th at pp. 1011-1012.) Nevertheless, the County argues that form FL-281 misstates the law as to the applicable time frame for a challenge to a VDOP, and that the trial court correctly applied the shorter deadline set forth in section 7576. The County relies on the general rule established by section 4, subdivision (c), that Family Code amendments apply to pre-existing rights and circumstances—it does not address the exception in section 4, subdivision (e), on which the Judicial Council relied.[7]

---

[7] Instead, the County addresses only the exception codified in section 4, subdivision (h), which provides: "If a party shows, and the court determines, that application of a particular provision of the new law . . . in the manner required by this section or by the new law would substantially interfere with the effective conduct of the proceedings or the rights of the parties or other interested persons in connection with an event that occurred or circumstance that existed before the operative date,

18

We conclude that the Judicial Council validly interpreted section 4, subdivision (e), and other relevant statutes in concluding that if a VDOP was filed before January 1, 2020, a request to set aside the VDOP may be timely filed within the time permitted by former section 7575, subdivision (c)(1).

As noted, section 4, subdivision (e), provides in relevant part: "If an order is made before the operative date, . . . the validity of the order . . . is governed by the old law and not by the new law." Generally, "a completed voluntary declaration of parentage . . . that has been filed with the Department of Child Support Services is equivalent to a judgment of parentage . . . ." (§ 7573, subd. (d); see also former § 7573.) In light of that equivalency, the Judicial Council reasonably interpreted the statutes to conclude that a filed VDOP is an order within the meaning of section 4, subdivision (e). (Judicial Council of Cal., Advisory Com. Rep., Family Law: Changes to Parentage Rules and Forms (Sept. 6, 2019), p. 7; see also *Heikes*, *supra*, 10 Cal.4th at p. 1214, fn. 1.) Pursuant to that interpretation, the "validity" of a VDOP filed before the new law's operative date of January 1, 2020, is "governed by the old law." (§ 4, subd. (e).)

Our research has uncovered no published case law interpreting the scope of the term "validity" as used in section 4, subdivision (e). The Judicial Council implicitly interpreted the term to encompass the timeliness of a request to set aside a pre-2020 VDOP, in concluding that the timeliness of such a request is governed by "old law." (§ 4, subd. (e); see also Judicial Council of

the court may, notwithstanding this section or the new law, apply . . . the old law to the extent reasonably necessary to mitigate the substantial interference."

19

Cal., Advisory Com. Rep., Family Law: Changes to Parentage Rules and Forms (Sept. 6, 2019), p. 7.)

In our view, that interpretation is reasonable. Requests to set aside a VDOP on the ground of fraud (as in Lugo's request) or the other grounds available under section 7576 and former section 7575 are challenges to the VDOP's validity. The Judicial Council implicitly and reasonably concluded that because section 4, subdivision (e), requires old law to govern a pre-2020 VDOP's validity, old law governs when and on what grounds such a VDOP's validity may be challenged under section 7576 and former section 7575. (Cf. *Munn v. Briggs* (2010) 185 Cal.App.4th 578, 593, fn. 5 [under Probate Code section 3, subdivision (e), a parallel provision to Family Code section 4, subdivision (e), statutory amendments that limited enforceability of no-contest clauses did not govern validity of will codicil which was admitted to probate before amendments' operative date].)

We " ' "accord[] great weight and respect to the [Judicial Council's] construction." ' " (*Sara M.*, *supra*, 36 Cal.4th at p. 1013.) As discussed above, the Council approved an interpretation of the relevant statutes advanced by the Family and Juvenile Law Advisory Committee, "which is required to have members with a wide variety of experience and perspectives." (*Id.* at pp. 1013-1014.) The Council adopted the advisory committee's recommendations pursuant to its procedures for "internal review as well as notice to the public and an opportunity for public," which "enhance the final product's reliability." (*Id.* at p. 1013.) Its adoption of the rules that implemented its interpretation (revised forms FL-280 and FL-281) was "reasonably contemporaneous" with the enactment of the statutory amendments that it interpreted together with

20

section 4 (indeed, the amendments and the Council's revisions to the forms took effect on the same date).  (*Sara M.*, at p. 1011.)

Although not every fact that supported deference in *Sara M.* is present here, we find it relevant, in light of the " '*situational*' " nature of the inquiry, that the Judicial Council acted pursuant to a broader delegation of rulemaking authority in this case than in *Sara M.* (as discussed in more detail above).  (*Sara M.*, *supra*, 36 Cal.4th at pp. 1011, 1013; compare Welf. & Inst. Code, § 265, with Fam. Code, § 211.)  Considering all relevant factors, we conclude that the Judicial Council's statutory interpretation in adopting forms FL-280 and FL-281 "is entitled to great weight and will be overturned only if it is clearly erroneous."  (*Sara M.*, at p. 1014.)

For the reasons explained above, we conclude that the Council's interpretation of section 4, subdivision (e), as applied to the amendments to sections 7575 and 7576 that took effect on January 1, 2020, is not clearly erroneous.  Thus, we uphold the Council's interpretation:  If a VDOP was filed before January 1, 2020, a request to set aside the VDOP may be timely filed within the time permitted by former section 7575, subdivision (c)(1).

**C.**   **The County fails to demonstrate that applying the deadline established by former section 7575, subdivision (c)(1), to Lugo's request is inconsistent with legislative intent.**

The County argues that applying the deadline in former section 7575, subdivision (c)(1), to VDOPs filed before January 1, 2020, is contrary to the Legislature's intent in repealing that provision, which the County argues was to bring California law into compliance with eligibility requirements for certain federal

21

funding.  (See 42 U.S.C. § 654(20)(A) [requiring a "State plan for child and spousal support" to "provide, to the extent required by section 666 of this title, that the State . . . shall have in effect all of the laws to improve child support enforcement effectiveness which are referred to in that section"].)

The County primarily relies on a legislative analysis of the bill that enacted the January 1, 2020 amendments.  According to that bill analysis, the Executive Committee of the Family Law Section of the California Lawyers Association expressed a concern that by repealing former section 7575, subdivisions (c)(1) and (c)(4), the bill would improperly eliminate courts' ability to provide relief "based upon estoppel, extrinsic fraud and extrinsic mistake, and the court's equitable powers."  (Sen. Com. on Judiciary, hearing on Assem. Bill 2684, (2017-2018 Reg. Sess.) June 26, 2018, p. 10.)

The bill's sponsors responded:  "To be eligible to receive federal child support enforcement funds, California's VDOP provisions need to comply with 42 U.S.C. § 666.  Among other things, federal law expressly provides that, after the 60-day rescission period has elapsed, a signed VDOP may be challenged 'only on the basis of fraud, duress, or material mistake of fact.' The language in proposed new Section 7576 directly tracks this federal requirement. . . . Current California law as expressed in current 7575(c)(1) is out of compliance with federal law, as it allows for challenges in a wider array of circumstances."  (Sen. Com. on Judiciary, hearing on Assem. Bill 2684, (2017-2018 Reg. Sess.) June 26, 2018, p. 10.)

We note that a commenter advanced an argument identical to the County's, based on the same bill analysis, during the notice-and-comment period for the Judicial Council's adoption of

forms FL-280 and FL-281.  (Judicial Council of Cal., Advisory Com. Rep., Family Law:  Changes to Parentage Rules and Forms (Sept. 6, 2019), pp. 77-79.)  The Family and Juvenile Law Advisory Committee (the proponent of the revisions that the Council adopted) considered and disagreed with that comment.  (*Ibid.*)  We will not lightly infer that the Council's decision on this issue was contrary to legislative policy.  (See *Sara M., supra,* 36 Cal.4th at p. 1013 [Judicial Council " 'is uniquely situated to implement the legislative policy' "].)

In any event, the County fails to cite evidence that legislators believed former section 7575, subdivision (c)(1), was noncompliant with any federal requirement regarding the *timeliness* of a request to set aside a VDOP (the dispositive issue on this appeal).  Indeed, the federal statute cited by the bill's sponsors does not address the timeliness of such a request after the 60-day period in which a signatory may rescind a VDOP.  In relevant part, the federal statute directs each state to maintain laws mandating "[p]rocedures under which, after the 60-day period . . . , a signed voluntary acknowledgment of paternity may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger, and under which the legal responsibilities (including child support obligations) of any signatory arising from the acknowledgment may not be suspended during the challenge, except for good cause shown."  (42 U.S.C. § 666(a)(5)(D)(iii).)  The statute does not mention any limitation on the time in which such a challenge may be brought.  (*Ibid.*)

In short, we are not persuaded by the County's argument that applying the deadline established by former section 7575,

23

subdivision (c)(1), to Lugo's request is contrary to legislative intent to maintain eligibility for federal funding.

## D. The trial court erred by denying Lugo's request as untimely.

Former Family Code section 7575, subdivision (c)(1), authorized a request to set aside a VDOP "within the time limits specified in" Code of Civil Procedure section 473, which "shall commence on the date that the court makes an initial order for custody, visitation, or child support based upon a voluntary declaration of paternity." (Former Fam. Code, § 7575, subd. (c)(1).) Code of Civil Procedure section 473 authorizes an application for relief from a judgment "within a reasonable time, in no case exceeding six months, after the judgment . . . was taken." (Code Civ. Proc., § 473, subd. (b).)

For the reasons explained above, if a VDOP was filed before January 1, 2020, a request to set aside the VDOP may be timely filed within the time permitted by former Family Code section 7575, subdivision (c)(1). Specifically, the request is timely if filed within a reasonable time, not exceeding six months, after a court makes an initial order for custody, visitation, or child support based on the VDOP. We now apply that holding to the facts of this case.

Lugo's signed VDOP was filed with DCSS in 2015, well before January 1, 2020. On April 30, 2024, the trial court entered an initial minute order requiring Lugo to pay child support based on the VDOP, and directed the County to prepare a judgment. On October 8, 2024 (five months and eight days after entry of the minute order), Lugo filed his request to set the VDOP aside. Even assuming, arguendo, that the applicable six-month deadline

24

ran from entry of the minute order, Lugo filed his request within the deadline.

The County does not argue that Lugo failed to file his request within a reasonable time after the initial order for child support. In any event, given that Lugo's counsel withdrew from the matter on the same day the court entered the minute order, and the court did not enter the child support *judgment* until three months later (on July 31, 2024), we conclude that Lugo filed his in pro. per. request within a reasonable time.[8]

Accordingly, we hold that the trial court erred by denying Lugo's request as untimely. We express no opinion as to the merits of Lugo's request.

---

[8] Judicial Council form FL-281 states: "Your request must be filed within the time frame that applies to you: [¶] For all declarations filed before January 1, 2020: [¶] (1) Before the child's second birthday, or (2) within six months of the entry of a court order or judgment for child custody, visitation, or support based on the declaration." (Boldface omitted.) This language does not reflect the "reasonable time" requirement of Code of Civil Procedure section 473, subdivision (b), which former Family Code section 7575, subdivision (c)(1), incorporated by reference. Nor does the form reflect the language in former Family Code section 7575, subdivision (c)(1), regarding an "initial" order for custody, visitation, or child support based on the VDOP.

We encourage the Judicial Council to consider revising form FL-281 to forestall disputes as to whether future set-aside requests filed within the six-month time frame identified by the form are nevertheless untimely under former Family Code section 7575, subdivision (c)(1). In any event, Lugo's request was timely under that statute for the reasons explained above.

## DISPOSITION

The order denying Lugo's request to set aside the VDOP as untimely is reversed.  The matter is remanded to the trial court with directions to accept the request as timely and rehear it on the merits.  Lugo is entitled to his costs on appeal.

CERTIFIED FOR PUBLICATION

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.